# EXHIBIT A-2

OR BOOK   2561   PAGE   2354

for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. **Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may

FLORIDA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3010 1/01 (Page 9 of 13 pages)
(R&A)  6303012 - sf3010.fl - Rev. 09/18/2004

OR BOOK 2561 PAGE 2355

be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

FLORIDA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3010 1/01 (Page 10 of 13 pages)
(R&A) 6303012 - fl3010.fl - Rev. 09/18/2004

OR BOOK  2561  PAGE  2356

20. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

FLORIDA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT       Form 3010  1/01  (Page 11 of 13 pages)
(R&A) 6303012 - si3010.fl - Rev. 09/18/2004

OR BOOK 2561 PAGE 2357

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Attorneys' Fees.** As used in this Security Instrument and the Note, attorneys' fees shall include those awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding.

25. **Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)        _____ (Seal)
Ignacio M. Paneque        -Borrower      Sonia Paneque            -Borrower

6593 Northwest 4th Street, Margate FL 33063     6593 Northwest 4th Street, Margate FL 33063

_____ (Seal)        _____ (Seal)
                          -Borrower                                -Borrower

FLORIDA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3010 1/01 (Page 12 of 13 pages)
(R&A) 6303012 - s3010.fl - Rev. 09/18/2004

OR BOOK 2561 PAGE 2358

Signed, sealed and delivered in the presence of:

_/s/ Rogers_

STATE OF FLORIDA
COUNTY OF MARTIN

The foregoing instrument was acknowledged before me this _1_ day of _MAY_, _2006_ by Ignacio M. Paneque and Sonia Paneque, husband and wife, who is personally known to me or has produced ___FLDL___ as identification.

My Commission expires:

(Seal)

Christopher J Twohey
My Commission DD340511
Expires July 28, 2008

Notary Public

FLORIDA--Single Family--Fannie Mac/Freddie Mac UNIFORM INSTRUMENT   Form 3010 1/01 (Page 13 of 13 pages)
(R&A) 6303012 - si3010.fl - Rev. 09/18/2004

OR BOOK  2561  PAGE  2359

## EXHIBIT "A"

Lot 22, Block 2296, Port St. Lucie Section Thirty Three, according to the map or plat thereof as recorded in Plat Book 15, Page(s) 1, 1A through 1V, Public Records of St. Lucie County, Florida

(R&A) 6303012.rakb

OR BOOK 2561 PAGE 2360

Loan No.: ▉

## CONSTRUCTION LOAN RIDER TO SECURITY INSTRUMENT

THIS CONSTRUCTION LOAN RIDER TO SECURITY INSTRUMENT is made this first day of May, 2006, and amends the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to Bank of America, N.A. (the "Lender") of the same date and covering the property described in the Security Instrument (the "Property") and located at:

4333 Southwest Jarmer Road
Port Saint Lucie, FL 34953.

### ADDITIONAL COVENANTS

In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

Terms defined in the Note shall have the same meaning in this Security Instrument.

**A.   INCORPORATION OF RESIDENTIAL CONSTRUCTION LOAN AGREEMENT**

Lender and Borrower entered into a Residential Construction Loan Agreement (the "Agreement") of even date herewith. The Agreement is incorporated herein by reference. A default under the terms of the Agreement shall constitute a default under the terms of the Security Instrument.

**B.   CONSTRUCTION MORTGAGE**

The Security Instrument is securing the obligation for the cost of construction of certain improvements on the Property. The Security Instrument is a "Construction Mortgage" under the Uniform Commercial Code as adopted and applied in the state where the Property is situated. It is understood and agreed that funds to be advanced under the Note are to be used in the construction of certain improvements on the Property in accordance with the Agreement.

**C.   FUTURE ADVANCES**

This Security Instrument secures such future or additional advances (in addition to the principal amount of the Note) as may be made by Lender, at its exclusive option, to Borrower or its successors or assigns in title, for any purpose, provided that all such advances are made within 20 years from the date of this Security Instrument or within such lesser period of time as may be provided by law as a prerequisite for the sufficiency of actual notice or record notice of such optional future or additional advances as against the rights of creditors or subsequent purchasers for valuable consideration to the same extent as if such future or additional advances were made on the date of the execution of this Security Instrument. The total amount of indebtedness secured by this Security Instrument may be increased or decreased from time to time, but the total unpaid balance so secured at any one time shall not exceed the maximum principal amount of __ $525,600.00__ , plus interest thereon and any disbursements made under this Security Instrument for the payment of impositions, taxes, assessments, levies, insurance, or otherwise with interest on such disbursements. It is the intent of the parties that this Security Instrument shall secure the payment of the Note and any additional advances made from time to time pursuant to any additional promissory notes or otherwise contemplated under the Loan Documents, all of said indebtedness being equally secured hereby and having the same priority as any amounts advanced as of the date of this Security Instrument. It is agreed that any

(R&A)Rev 01/01 6303012                       Page 1 of 3                              flclral.bax

OR BOOK 2561 PAGE 2361

Loan No.:

additional sum or sums advanced by Lender shall be equally secured with, and have the same priority as, the original indebtedness evidenced by the Note and shall be subject to all of the terms, provisions and conditions of this Security Instrument, whether or not such additional loans or advances are evidenced by other promissory notes of Borrower and whether or not identified by a recital that it or they are secured by this Security Instrument. It is further agreed that any additional promissory note or promissory notes executed and delivered pursuant to this paragraph shall automatically be deemed to be included in the term "Note" wherever it appears in the context of this Security Instrument.

D. **WAIVER OF CERTAIN NOTICES DURING CONSTRUCTION**

Notwithstanding the 30 day written notice and right to cure provisions contained in Section 22 of the Security Instrument, prior to the Rollover Date (or agreed written extension thereof), the Borrower, as well as all sureties, guarantors and endorsers of said Note severally waive all notices, demands, presentments for payment, notices of non-payment, notices of intention to accelerate the maturity, notices of acceleration, notices of dishonor, protest and notice of protest, diligence in collecting or bringing suit as to the Note and as to each, every and all installments thereof and all obligations thereunder and against any party thereto and to the application of any payment on said obligation, or as an offset thereto, and agree to all extensions, renewals, partial payments, substitutions or evidence of indebtedness and the taking, release or substitution of all or any part of the herein described security or the release of any party liable thereon with or without notice before or after maturity.

E. **SECURITY AGREEMENT**

Without limiting any of the provisions of the Security Instrument, Borrower, as Debtor (and being referred to in this paragraph as "Debtor," whether one or more), expressly GRANTS unto Lender, as Secured Party (and being referred to in this paragraph as "Secured Party," whether one or more), a security interest in the following described property (including both those now and those hereafter existing). The definition of Property is hereby expanded to include:

(1) All fixtures, furnishings, equipment, building material and machinery now or hereafter located in, on, or used or intended to be used in connection with the Property, including without limitation: doors, partitions; window and floor coverings; apparatus, material, or equipment for supplying, holding, or distributing heating, cooling, electricity, gas, water, air, and lighting; security; access control, and fire prevention and extinguishing apparatus, material, or equipment; bathroom and kitchen fixtures; cabinetry; and landscaping. (2) All proceeds or sums payable in lieu of or as compensation for the loss of or damage to the Property and the Fixtures and Personal Property, and all rights in and to all present and future fire and hazard insurance policies. (3) All proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking, in whole or in part, of the Property, or for conveyance in lieu thereof.

F. **DEFAULT**

Covenants contained in Section Nos. 18, 19, and 22 of the Security Instrument are hereby suspended during the continuance of this Rider only, and the following substituted in lieu thereof:

In the event any of the following events or conditions occur or exist, each such event or condition shall be a default hereunder entitling Lender to declare the entire indebtedness hereby secured immediately due and payable:

(R&A)Rev 01/01 6303012                   Page 2 of 3                   flcbrd.hu1

OR BOOK 2561 PAGE 2362

Loan No.:

(1) Any lien, inferior or superior to the lien of this Security Instrument, is created, permitted or filed against the Property, or any portion thereof, without Lender's prior written consent, except current ad valorem taxes which are not then due and payable.

(2) The sale, assignment or other transfer, voluntarily or involuntarily, of all or a part of Borrower's ownership interest in the Property, or any portion thereof, directly or indirectly, is made without Lender's prior written consent.

(3) Borrower fails to comply with the terms and conditions of the Note, the Security Instrument or the Loan Agreement.

Upon default, Lender, at its option, may require immediate payment in full of all sums secured by the Security Instrument without demand and may invoke the power of sale and any other remedies permitted by applicable law. However, this option to require immediate payment in full shall not be exercised if such exercise is prohibited by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in the Security Instrument including, but not limited to, reasonable attorney's fees and costs of title evidence.

Upon the termination of the provisions of this Rider as set forth below, Covenants contained in Section Nos. 18, 19, and 22 of the Security Instrument shall be reinstated so that they shall then be in full force and effect.

G. **TERMINATION OF CONSTRUCTION LOAN RIDER**

So long as Borrower is not in default under the terms of the Note, the Agreement, or the Security Instrument, and so long as Borrower has completed the improvements described in the Agreement, this Rider shall terminate on the Rollover Date as defined in the Construction Loan Rider to Note, and shall thereafter no longer be in effect.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Construction Loan Rider to Security Instrument and Security Agreement.

_____  4-1-06      _____  5-1-06
Ignacio M. Paocque           Date        Sonia Paocque                Date

_____             _____
                             Date                                    Date

Debtor's Mailing Address:
6593 Northwest 4th Street
Margate, FL 33063

(R&A)Rev 01/01 6305012

STATE OF FLORIDA
ST. LUCIE COUNTY
THIS IS TO CERTIFY THAT THIS IS A
TRUE AND CORRECT COPY OF THE
ORIGINAL
JOSEPH E. SMITH CLERK
By: _____
Date: FEB 04 2014