UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-21212-GAYLES

**IGNACIO PANEQUE,** *individually and on behalf of himself and all others similarly situated***,**
    **Plaintiff,**

   **v.**

**BANK OF AMERICA, N.A., and**
**FRENKEL LAMBERT WEISS WEISMAN**
**& GOLDMAN LLP,**
    **Defendants.**
              /

## ORDER

**THIS CAUSE** comes before the Court on Defendant Bank of America, N.A.'s ("Bank of America") Motion to Dismiss the Complaint or, in the Alternative, to Strike the Complaint and Require a More Definite Statement [ECF No. 15], and Defendant Frenkel Lembert Weiss Weisman & Gordon LLP's ("Frenkel Lembert") Motion to Dismiss [ECF No. 16]. The Court has carefully considered the Complaint, the briefs of counsel, and the applicable law, and is otherwise fully advised in the premises.

The Court need not even reach the substance of the Plaintiff's claims. A district court has the obligation to identify and dismiss a "shotgun" pleading. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-27 (11th Cir. 2014); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008), *abrogated on other grounds by Iqbal*, 556 U.S. 662. Recently, the Eleventh Circuit outlined four types of these pleadings, all of which require amendment because they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir.

2015). One type is a complaint that "commit[s] the mortal sin" of "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," and another is one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321-23. The Defendants argue that the Plaintiff's Complaint falls into both of these shotgun pleading categories. The Court agrees in part, finding that the Complaint does fall into the first category, but not the second.

As to the first, the opening paragraphs under Counts II, III, IV, and V each repeat the same impermissible phrase: "Plaintiff incorporates by reference the prior paragraphs as if set forth fully herein." Compl. ¶¶ 73, 81, 89 & 96.[1] While the Plaintiff has endeavored to argue that shotgun pleadings should be dismissed only in circumstances were the pleadings are extremely unclear, the Eleventh Circuit in *Weiland* made no such distinction under these precise circumstances. *See* 792 F.3d at 1324 (alteration omitted) ("[T]his Court has condemned the incorporation of preceding paragraphs where a complaint 'contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.'" (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002))).

As to the second category, the Complaint often names the Defendants individually in both factual and legal allegations, and where the Defendants are combined, "[t]he fact that [they] are accused collectively does not render the complaint deficient. The complaint can be fairly read to aver that all defendants are responsible for the alleged conduct." *Kyle K. v. Chapman*, 208 F.3d

---

[1] The Court notes that these "prior paragraphs" are also sloppily numbered. The Complaint's initial paragraphs number 1 through 11, then the Complaint skips paragraph 12 and continues from 13 through 19, then goes back to 12, and then includes a second instance of paragraphs 13 through 19 before continuing without incident from 20 through to the end.

2

940, 944 (11th Cir. 2000), *cited with approval in Weiland*, 792 F.3d at 1323 n.14.

Because the Complaint falls under the first category of impermissible shotgun pleadings, it shall be dismissed with leave to amend.[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1) the Defendants' Motions to Dismiss [ECF Nos. 15 & 16] are **GRANTED**. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**;

(2) the Plaintiff **SHALL FILE** an Amended Complaint no later than **November 3, 2016**. If he fails to do so, the Court will dismiss the Complaint *with prejudice* and close the case; and

(3) the Defendants shall answer or otherwise respond to the Amended Complaint within **fourteen days** of service.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of October, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] Should the Defendants wish to move to dismiss the Plaintiff's amended complaint, the Court advises that they themselves are not without sin. On April 6, 2016, this Court entered a Notice of Court Practice in which it ordered the following: "Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface. **Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position**." [ECF No. 5]. The Defendants have violated this order in two ways. First, both Bank of America's Motion and its Reply failed to comply with the typeface requirement, as they are written in one-and-a-half spacing. Second, *both* Defendants failed to comply with the one motion requirement by filing separate motions to dismiss. Frenkel Lambert's motion, filed subsequent to Bank of America's, contains a factual recitation repetitive of Bank of America's, a summary of the arguments advanced by Bank of America, and an adoption of those arguments "where applicable" before moving on to its own additional arguments. *See* Frenkel Lambert Mot. at 3-4. Neither Bank of America nor Frenkel Lambert have asserted that they have a "clear conflict[] of position" that would justify filing a separate motion. Having arguments that apply only to one Defendant does not provide such justification. Thus, if the Defendants move to dismiss the amended complaint, they shall do so in a single motion, in double-spaced Times New Roman 12-point typeface, that clearly signifies which arguments apply to only one of the two Defendants and which arguments apply to both.