# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action No. 1:16-cv-21212-GAYLES**

IGNACIO PANEQUE, *on behalf of himself
and all others similarly situated*,

    Plaintiff,

vs.

BANK OF AMERICA, N.A. and, FRENKEL
LAMBERT WEISS WEISMAN &
GORDON LLP,

    Defendants.

_____/

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVISIONALLY CERTIFYING SETTLEMENT CLASS, AND WITH RESPECT TO CLASS NOTICE, COURT APPROVAL HEARING AND ADMINISTRATION**

Upon consideration of the Parties' Settlement Agreement dated May 8, 2017 (the "Settlement Agreement" or "Agreement"), Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement and Provisional Certification of Settlement Class ("Plaintiff's Motion"), and the pleadings and other materials on file in this Action, IT IS HEREBY ORDERED AS FOLLOWS:

1.  The Settlement Agreement and the exhibits thereto are hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2.  For purposes of the Settlement, and as defined in the Agreement, the Settlement Class includes all borrowers who, according to readily accessible data and other electronic records of the Defendants, requested or received, either directly or indirectly through an agent, attorney, or other person or entity acting or purporting to act on the borrower's behalf, a Reinstatement

ACTIVE/84214787.5

Quote concerning a mortgage loan from either Bank of America, N.A. or Frenkel Lambert Weiss Weisman & Gordon, LLP at any time during the Class Period.. After considering the relevant factors in Fed. R. Civ. P. 23, and subject to further consideration at the Court Approval Hearing described in paragraph 13 below, the Court finds that this Settlement Class provisionally meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement.

3. For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Court Approval Hearing described in paragraph 13 below, Representative Plaintiff Ignacio Paneque is hereby provisionally designated as the representative of the Class.

4. For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Court Approval Hearing described in paragraph 13 below, the following attorneys are provisionally appointed as Class Counsel:

Christopher W. Legg
CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd., Suite B
Hollywood, FL 33021
(954) 235-3706
ChrisLeggLaw@gmail.com

James L. Kauffman
BAILEY & GLASSER LLP
1054 31st Street NW, Suite 230
Washington, DC 20003
(202) 463-2101
jkauffman@baileyglasser.com

Darren R. Newhart
J. Dennis Card Jr.
CONSUMER LAW ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
(561) 822-3446
darren@cloorg.com

5. For purposes of the Settlement, Garden City Group, LLC is approved and designated as the settlement administrator for the Settlement.

2

6. Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement (and the Settlement provided for therein) are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Court Approval Hearing described at paragraph 13 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

7. Pursuant to the terms of the Settlement Agreement, within forty-nine (49) days of the Preliminary Approval Date, the Settlement Administrator shall (a) obtain updates, if any, to the addresses for each Class Member identified in the Class Member List as provided for in the Settlement Agreement; and (b) provide notice of the Settlement and the Court Approval Hearing to each Class Member by mailing a copy of the Class Notice, substantially in the form of the document attached to the Agreement as Exhibit B, to each Class Member at the address set forth on the Class Member List as updated by the Settlement Administrator. Before mailing, the Settlement Administrator shall fill in all applicable dates and deadlines in the Class Notice to conform to the dates and deadlines specified for such events in this Order. The Settlement Administrator shall also have discretion to format the Class Notice in a reasonable manner before mailing to minimize mailing and/or administration costs.

8. If any Class Notice mailed pursuant to the Settlement Agreement and this Order is returned by the United States Postal Service ("Postal Service") as undeliverable, then the Settlement Administrator shall re-mail the Class Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail within a reasonable time after return. If the returned mail does not reflect a forwarding address, the Settlement Administrator shall have no

obligation to re-mail, but shall provide Class Counsel with the names and addresses of the affected Class Members.

9. The Court finds that the Settlement Agreement's plan for direct mail to Class Members is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice complies with Fed. R. Civ. P. 23 and is appropriate as part of the notice plan and the Settlement, and thus they are hereby approved, adopted and authorized for dissemination. This Court further finds that no other notice to Class Members other than that identified in the Agreement is reasonably necessary in the Action.

10. Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice, postmarked no later than twenty-eight (28) days before the Court Approval Hearing. For a Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) set forth the Class Member's full name, address and telephone number; (b) contain the property address which secures or secured the Mortgage Loan as to which the Class Member seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) unequivocally state the Class Member's intent to be excluded from the Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement. In those cases where a Class Member includes persons who were co-

obligors on the same Mortgage Loan, the Class Member shall be deemed a Successful Opt-Out as to that Mortgage Loan only if all obligors elect to opt out. In the event a Class Member is a Class Member as to more than one Mortgage Loan and the Opt-Out fails to identify the Mortgage Loan(s) as to which the Class Member seeks exclusion, the Opt-Out shall be deemed to apply to the Mortgage Loan made first in time and not any other Mortgage Loans. Any Class Member who does not submit a Successful Opt-Out, or otherwise comply with all requirements for opting out as are contained in this Order, the Agreement, and the Class Notice, shall be bound by the Agreement, including the Release, as embodied in paragraphs 4.01 to 4.04 of the Agreement, and any Final Order and Judgment entered in the Action. Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement or intervene in the Action.

11.  On or before the date of the Court Approval Hearing, Class Counsel, Counsel for the Defendants and the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs and file the list with the Court under seal to protect the privacy interests of the Successful Opt-Outs.

12.  Any Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must provide a written objection (or objections) to the Settlement ("Objection") to Class Counsel and Counsel for the Defendants, at the addresses set forth in the Class Notice, and file the Objection with the Court, on or before twenty-eight (28) days before the Court Approval Hearing. Each Objection must: (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the address of the property that secured the Mortgage Loan; (c) state that the Class Member objects to the Settlement, in whole or in part; (d) set forth a statement of the legal and/or factual basis for the Objection; and (e) provide copies of any

5

documents that the Class Member wishes to submit in support of his or her position. Any Class Member who does not submit a timely Objection in complete accordance with this Order, the Class Notice, and the Settlement Agreement shall not be treated as having submitted a valid Objection to the Settlement.

13. A hearing (the "Court Approval Hearing") shall be held before the undersigned one hundred and twenty (120) days after entry of the Preliminary Approval Order, in the United States District Court for the Southern District of Florida, Courtroom 11-1, 400 North Miami Ave, Miami, FL 33128, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate, (b) whether the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement, (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (d) whether Class Members who are not Successful Opt-Outs should be bound by the Release set forth in the Settlement Agreement, (e) whether Class Members who are not Successful Opt-Outs should be subject to a permanent injunction that, among other things, bars Class Members from commencing, prosecuting, or assisting in any lawsuit against the Plaintiff Released Persons that asserts or purports to assert matters within the scope of the Release, (f) the amount of any Attorney Fee/Litigation Cost Award to be made to Plaintiff's Counsel, if any, upon application pursuant to paragraph 2.20 of the Settlement Agreement, and (g) the amount of any Class Representative Award to be made to Representative Plaintiff, if any, upon application pursuant to paragraphs 2.22 through 2.24 of the Settlement Agreement. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

14. Representative Plaintiff's applications for an Attorney Fee/Litigation Cost Award or Class Representative Award by Plaintiff's Counsel shall be filed no later than forty-two (42)

days before the Court Approval Hearing. Plaintiff's Motion for Final Approval of the Settlement, as well as any other submissions by Representative Plaintiff or Defendants concerning the Settlement shall be filed no later than fourteen (14) days before the Court Approval Hearing.

15. It is not necessary for a Class Member to appear at the Court Approval Hearing. However, any Class Member who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must file a Notice of Appearance in the Action, and provide the notice to Class Counsel and Counsel for the Defendants not later than twenty-eight (28) days before the Court Approval Hearing.

16. No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, but failed to raise.

17. Any Class Member who wishes to file a motion in the Action must file the motion with the Court, and contemporaneously provide the motion, together with all supporting documents, to Class Counsel and Counsel for the Defendants not later than twenty-eight (28) days before the Court Approval Hearing.

18. Any Class Member who fails to comply with this Order, the Class Notice, and/or the Agreement shall be barred from appearing at the Court Approval Hearing.

19. All other events contemplated by the Settlement Agreement to occur after this Order and before the Court Approval Hearing, and Defendants' provision of notice of the Settlement pursuant to 28 U.S.C. § 1715 ("Section 1715"), shall be governed by the Agreement and Section 1715, respectively, to the extent not inconsistent herewith.

20. The Parties are hereby authorized to retain the Settlement Administrator to assist in effectuating the terms of, and administering, the Settlement.

21. All proceedings and deadlines in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

22. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Action, and all orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against any of the Defendants, of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Representative Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any claims or defenses it may have. Nor shall this Order be construed or used to show that certification of one or more classes is required or appropriate if the Action were to be litigated rather than settled.

23. Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by any of the Defendants, each of whom deny all of the claims and allegations raised in the Action.

24. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Representative Plaintiff and Defendants and without further notice to the Class Members.

25. Pending this Court's decision on whether to finally approve the Settlement in this Action, Representative Plaintiff, all Class Members (excepting those who are Successful Opt-Outs), Class Counsel and Plaintiff's Counsel are preliminarily enjoined from commencing, prosecuting, or assisting in any lawsuit, administrative action, or any judicial or administrative proceeding against the Released Persons that asserts or purports to assert matters within the scope of the Release.

26. Except as expressly authorized by this Order or the Agreement, Representative Plaintiff, Class Counsel, Plaintiff's Counsel and each of the Releasing Persons shall not (a) issue, or otherwise cause to be issued, any press release, advertisement, Internet posting (except that Class Counsel can list the Action as a settled case on its website with a brief description of the claims asserted) or similar document concerning the Action and/or the facts and circumstances that were the subject of, or disclosed in discovery in, the Action; and/or (b) make extrajudicial statements or seek media interviews concerning: (i) the Action; (ii) the facts and circumstances that were the subject of, or disclosed in discovery in the Action; and/or (iii) the Settlement of the Action, excepting only that such statements may be made to individual Class Members in one-on-one communications or as part of the Class Notice.

27. The Parties shall meet and confer in good faith to resolve any dispute concerning the Settlement Agreement and/or this Order and, to the extent any such dispute cannot be resolved between them, present the matter to this Court for resolution.

28. The Parties shall adhere to the following deadlines as set forth above:

*Class Notice mailed to Class Members:* forty-nine (49) days after entry of this Order.

*Plaintiff's Motions/Applications for Attorney Fee/Litigation Cost and Class Representative Awards:* forty-two (42) days before Court Approval Hearing.

*Class Member Objection/Opt-out Deadline:* twenty-eight (28) days before Court Approval Hearing.

*Motion for Final Approval:* fourteen (14) days prior to Court Approval Hearing.

*Other submissions by Plaintiff's or Defendants:* fourteen (14) days before Court Approval Hearing.

*Court Approval Hearing:* _____, 2017

Dated: _____, 2017      _____
                                                                        HON. DARRIN P. GAYLES
                                                                         UNITED STATES DISTRICT JUDGE