EXHIBIT 2

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of May 8, 2017 between (a) Plaintiff Ignacio Paneque, on his own behalf and on behalf of a Settlement Class (as defined below), Bank of America, N.A. ("BANA") and Frenkel Lambert Weiss Weisman & Gordon, LLP ("Frenkel Lambert").

## RECITALS

WHEREAS, on April 6, 2016, Plaintiff filed a putative class action in the United States District Court for the Southern District of Florida, captioned *Paneque v. Bank of America, N.A. et al.*, No. 1:16-CV-21212-DPG-WCT (the "Action").

WHEREAS, on November 3, 2016 and after the Court granted BANA and Frenkel Lambert's motion to dismiss the original complaint on technical grounds, Plaintiff filed an Amended Complaint in the Action (the "Amended Complaint"), asserting statutory and related claims under Florida law (i) against BANA for purported violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(k), (ii) against Frenkel Lambert for purported violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692f, and (iii) against BANA and Frenkel Lambert for purported violation of the Florida Consumer Collection Practices Act § 559.72(9);

WHEREAS, all of Plaintiff's claims were asserted on behalf of a putative class of purportedly similarly situated Florida borrowers;

WHEREAS, on November 21, 2016, BANA and Frenkel Lambert filed a motion to dismiss the Amended Complaint in the Action;

WHEREAS, the Court did not resolve BANA and Frenkel Lambert's motion to dismiss the Amended Complaint prior to the date of this Agreement;

WHEREAS, between January 30, 2017 and March 15, 2017, the Parties engaged in extensive settlement negotiations, including a day-long mediation session on January 30, 2017 with the Honorable Benson Everett Legg (D. Md., Ret.), and numerous follow-up negotiations facilitated by Judge Legg;

WHEREAS, Defendants have denied and continue to deny the material allegations in the Amended Complaint, have denied and continue to deny any wrongdoing and any liability to Plaintiff or any Class Member in any amount, in connection with the claims asserted in the Action, have denied that class certification is required or appropriate, and contend that they would prevail in the Action;

WHEREAS, Plaintiff maintains that he and the Class Members would prevail in the Action and that class certification is appropriate;

WHEREAS, Class Counsel has conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the pending and potential claims in the Action, and conducted a further investigation to determine how to best serve the interests of the Settlement Class in the Action, both before commencing the Action, as well as during the litigation of the Action and the negotiation of the Settlement provided for in this Agreement;

WHEREAS, Plaintiff, individually and on behalf of the Settlement Class, desires to settle the Action and all matters within the scope of the Release set forth herein, having taken into account the risks, delay, and difficulties involved in obtaining and maintaining class certification, establishing liability, the likelihood of recovery in excess of that offered by this Settlement Agreement, the desirability of payment now, and the likelihood that the Action could be protracted and expensive;

WHEREAS, based upon their investigation and consideration of the risks of continuing to litigate this Action, both Plaintiff and Plaintiff's Counsel believe that it is desirable and in the best interests of the Settlement Class to enter into this Settlement Agreement;

WHEREAS, although Defendants deny any wrongdoing and any liability to Plaintiff and the Settlement Class whatsoever, Defendants believe that it is desirable and in their best interest to settle the Action and all matters within the scope of the Release in the manner and upon the terms and conditions provided for in this Settlement Agreement in order to avoid the further expense, inconvenience, uncertainty, and distraction of litigation, and in order to put to rest the statutory and related claims that have been asserted in the Action and/or are within the scope of the Release;

NOW THEREFORE, in consideration of the foregoing and the covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged herein, Plaintiff, individually and on behalf of the Settlement Class, and Defendants agree, subject to the approval by the Court of the Settlement, as follows:

I.   <u>DEFINITIONS</u>

In addition to the terms defined above, the following terms are used in this Settlement Agreement:

1.01    "Agreement" or "Settlement Agreement" means this Settlement Agreement.

1.02    "Attorney Fee/Litigation Cost Award" means the award(s), if any, made to Class Counsel by the Court upon application pursuant to paragraphs 2.20 and 2.21 below.

1.03    "Bank of America" means

      (a)    Bank of America, N.A.;

      (b)    Bank of America Corporation;

      (c)    Countrywide Home Loans, Inc.;

      (d)    Countrywide Financial Corporation;

      (e)    Countrywide Bank, FSB, a former entity having been converted into a National Bank and merged into Bank of America, N.A.;

      (f)    all prior, current and subsequent servicers and subservicers of any Class Member's Loan;

(g)     all prior, current and subsequent investors, owners, beneficiaries, and other entities with an interest with respect to a Class Member's Loan, including but not limited to, the Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Federal Housing Finance Agency, and any mortgage-backed securities trust; and

(h)     all present and former parents, predecessors, successors, assigns, subsidiaries, affiliates, divisions, owners, shareholders, officers, directors, attorneys, vendors, accountants, agents (alleged or actual), representatives and employees of each of the persons or entities identified in subparagraphs (a)-(h) of this paragraph 1.10.

1.04     "BANA" means defendant Bank of America, N.A.

1.05     "Benefit Check" means the negotiable check(s) to be sent to eligible Class Members pursuant to paragraphs 3.01 through 3.05 below.

1.06     "Class Counsel" means James L. Kauffman of Bailey & Glasser LLP, J. Dennis Card, Jr. and Darren Newhart of Consumer Law Organization, P.A., and Christopher Legg of Christopher Legg, P.A.

1.07     "Class Member" means a member of the Settlement Class. When more than one person was obligated on a single Mortgage Loan potentially qualifying them for relief under this Agreement, those persons collectively shall be treated as only one Class Member. In those cases where a Class Member had two or more Mortgage Loans potentially qualifying the Class Member for relief under this Agreement, the Class Member shall be treated as a separate Class Member as to each such Loan, unless such loans were taken out by the Class Member as part of the same mortgage transaction. In that event, the Class Member shall be treated as a single Class Member as to the subject Loans.

1.08     "Class Notice" means the mailed notice of this Settlement to each Class Member that is contemplated by this Agreement.

1.09     "Class Period" means the period beginning on April 6, 2013 and ending on the date of this Agreement or such other ending date as BANA may select if it invokes its right to modify the Class Period under paragraph 2.02.

1.10     "Class Representative Award" means the amount awarded, if any, to the Representative Plaintiff by the Court upon application pursuant to paragraphs 2.22 and 2.23 below.

1.11     "Consideration" means the amounts to be paid from the Settlement Amount to each eligible Class Member who does not become a Successful Opt-Out in exchange for the Release, as set forth in paragraphs 4.01 to 4.05 below, and in satisfaction of the statutory and related claims alleged in the Action. The amount of the Consideration to be paid from the Settlement Amount to each eligible Class Member shall be determined according to paragraphs 3.01 through 3.03 below.

1.12     "Counsel for the Defendants" means Counsel for BANA and Counsel for Frenkel Lambert.

1.13     "Counsel for BANA" means Brooks R. Brown and Keith E. Levenberg of Goodwin Procter LLP and James Randolph Leibler, II and Andrew Kemp-Gerstel of Liebler Gonzalez & Portuondo PA.

1.14    "Counsel for Frenkel Lambert" means Richard M. Jones and Joseph H. Lowe of Klein Glaser Park & Lowe, P.L.

1.15    "Court" means the Honorable Darrin P. Gayles of the United States District Court for the Southern District of Florida, or such other judge of the same court to whom the Action may be later assigned.

1.16    "Defendants" means defendants in the Action, including BANA and Frenkel Lambert.

1.17    "Final Approval" means the last date on which all of the following have occurred:

(a)    The Court has issued all necessary orders under FED. R. CIV. P. 23 approving of the Settlement in a manner substantially consistent with the terms and intent of this Agreement;

(b)    The Court enters a judgment in favor of Defendants finally approving the Settlement of the Action in a manner substantially consistent with the terms and intent of the Agreement and dismissing the Action with prejudice;

(c)    Either: (i) thirty-five (35) days have passed after entry of the Court's judgment finally approving the Settlement of the Action in a manner substantially consistent with the terms and intent of this Settlement Agreement and within such time, no appeal is taken after the Court's judgment finally approving the Settlement of the Action, or (ii) the date after all appellate remedies are exhausted and the Court's judgment is upheld, or not altered in a manner that is substantially inconsistent with the judgment, provided that any change or modification that may increase Defendants' (or any of their) liability or reduce the scope of the Release or of the Class shall be considered as preventing the occurrence of Final Approval; and

(d)    No Party with a right to do so has terminated the Agreement.

1.18    "Final Approval Date" means the date upon which Final Approval occurs.

1.19    "Final Approval Order" means the order and judgment of the Court approving the Settlement in a manner substantially consistent with the terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice, as contemplated by this Agreement.

1.20    "Frenkel Lambert" means defendant Frenkel Lambert Weiss Weisman & Gordon, LLP and all of its present and former parents, predecessors, successors, assigns, subsidiaries, affiliates, divisions, owners, shareholders, officers, directors, attorneys, vendors, accountants, agents (alleged or actual), representatives and employees.

1.21    "Material Event" means a private lawsuit, or a lawsuit, investigation, order, injunction or restraining order, or any type of formal governmental proceeding or action, civil investigative demand (or similar process), administrative subpoena, or administrative investigation by a federal administrative agency, board or commission, by the Office of the Comptroller of the Currency, by an administrative agency or attorney general of a State, by the United States Department of Justice, by a court, or by any other law enforcement agency, of which the Defendants are not currently aware (or are not aware is material) and is material to the Defendants in that such event poses a risk of (a) rendering any material aspect of this Settlement impracticable, (b) defeating, restricting, or limiting the scope of the Release; (c) resulting in a substantial alteration or increase in the Defendants' obligations to benefit the persons who are or could qualify

4

as members of the Settlement Class; and/or (d) resulting in penalties to be paid to any state or federal government and/or agency in connection with conduct or omissions by the Defendants in connection with any of the Mortgage Loans within the scope of the Release.

1.22    "Mortgage Loan" or "Loan" means a mortgage loan to a Class Member secured by property located in Florida.

1.23    "Party" means either Plaintiff or Defendants (or either of them), and "Parties" means Plaintiff and Defendants, collectively.

1.24    "Plaintiff's Counsel" means (a) Class Counsel and each and every attorney, law firm, partnership, limited liability partnership, corporation, professional corporation, and other person or entity that was counsel (or acted or purported to act as counsel) for Representative Plaintiff and/or any Class Member in the Action; (b) any other current or former law firms, professional legal corporations, partnerships, entities or attorneys that, to the knowledge of Class Counsel as of the date of this Agreement, have represented or purport to represent Plaintiff or any Class Member with respect to matters within the scope of the Release and/or has or may claim to have a right to any attorneys' fees or costs in connection with the Action; (c) all current and former predecessors, successors and assigns of any of the foregoing; and (d) each partner, shareholder or other part or full owner of any of the foregoing.

1.25    "Preliminary Approval" means the order or orders of the Court preliminarily approving the terms and conditions of this Agreement, as contemplated by this Agreement.

1.26    "Preliminary Approval Date" means the date on which the order or orders constituting Preliminary Approval are entered by the Court.

1.27    "Reinstatement Quote" means any statement of amounts due or to be paid on a Mortgage Loan in order to cure a default, bring the Mortgage Loan current, resolve a foreclosure proceeding, or otherwise return the Mortgage Loan to a normal servicing status. The Parties agree that the term "Reinstatement Quote" does not include payoff quotes or other similar statements of the amounts due to pay off Mortgage Loans in full and secure a final release of the lien.

1.28    "Release" means the Releases set forth in paragraphs 4.01 to 4.05 of this Agreement.

1.29    "Released Person" shall have the same meaning as set forth in paragraph 4.01 of this Agreement.

1.30    "Releasing Person" shall have the same meaning as set forth in paragraph 4.01 of this Agreement.

1.31    "Representative Plaintiff" means the named plaintiff in the Action, Ignacio Paneque.

1.32    "Settlement" means the resolution of the statutory and related claims alleged in the Action and the matters within the scope of this Settlement Agreement and the Release set forth herein, as embodied in paragraphs 4.01 to 4.05 of this Agreement, and the completion of all conditions for Final Approval and all requirements set forth in the Final Approval Order.

1.33    "Settlement Administrator" means Garden City Group, LLC or such other *bona fide* person or entity in the business of class action settlement administration mutually agreeable to the Parties and approved by the Court.

1.34    "Settlement Administration Costs" means the costs of administering the Settlement provided for herein to be paid exclusively from (and not in addition to) the Settlement Amount, including but not limited to the costs of mailing the Class Notice to the Class Members, providing the Benefit Check(s) to eligible Class Members who do not become Successful Opt-Outs, and responding to inquiries from Class Members, which costs Settlement Administrator has agreed to cap at $33,200.

1.35    "Settlement Amount" means the aggregate amount of the maximum sums which BANA and Frenkel Lambert will be obligated to pay if the Settlement Agreement gains Final Approval, which amount is capped at four hundred thousand dollars ($400,000). BANA's share of the Settlement Amount is a maximum of three hundred and twenty-five thousand dollars ($325,000) (the "BANA Settlement Amount"). Frenkel Lambert's share of the Settlement Amount is a maximum of seventy-five thousand dollars ($75,000) ("the "Frenkel Lambert Settlement Amount"). Neither BANA nor Frenkel Lambert, under any circumstances, will be obligated to pay more than their respective shares of the Settlement Amount. BANA shall, under no circumstances, have any obligation to pay all or any portion of the seventy-five thousand dollars ($75,000) due from Frenkel Lambert, and Frenkel Lambert shall, under no circumstances, have any obligation to pay all or any portion of the three hundred and twenty-five thousand dollars ($325,000) due from BANA. The Settlement Amount includes all sums to be paid under this Settlement Agreement, including all Consideration to be paid to eligible Class Members who do not become Successful Opt-Outs; the Class Representative Award, if any; the Attorney Fee/Litigation Cost Award, if any; and all Settlement Administration Costs.

1.36    "Settlement Class" or "Class" means all borrowers who, according to readily accessible data and other electronic records of the Defendants, requested or received, either directly or indirectly through an agent, attorney, or other person or entity acting or purporting to act on the borrower's behalf a Reinstatement Quote concerning a Mortgage Loan from either Bank of America or Frenkel Lambert at any time during the Class Period, and who appear on the Class Member List, as that term is defined in Paragraph 2.02 below. Defendants estimate that the Settlement Class includes 6,000 Mortgage Loans.

1.37    "Successful Opt-Out" means a person who timely and validly exercises his or her right to be excluded from the Class, pursuant to paragraph 2.08 below and FED. R. CIV. P. 23, but shall not include (a) persons whose requests for exclusion are challenged by either of the Defendants pursuant to paragraph 2.09 below, and the challenge is not overruled by the Court or withdrawn by such Defendant, as applicable, (b) persons whose communication is not treated as a request for exclusion, pursuant to paragraph 2.08 below, and (c) persons whose requests for exclusion are not valid or are otherwise void pursuant to paragraphs 2.09 and 2.10 below.

1.38    As used herein, the plural of any defined term includes the singular thereof and *vice versa*, except where the context requires otherwise. All references to days shall be interpreted to mean calendar days, unless otherwise noted. When a deadline or date falls on a weekend or a legal holiday, the deadline or date shall be extended to the next day that is not a weekend day or legal holiday.

1.39    Any terms defined in the text of this Agreement shall have the meaning given to those terms in the text. It is the intent of the Parties in connection with all documents related to the Settlement that defined terms as used in other documents shall have the meaning given to them in this Agreement.

## II.   SETTLEMENT PROCEDURES

A.   Preliminary Approval.

2.01     Within ten (10) days after the execution of this Settlement Agreement by Representative Plaintiff, Class Counsel and Defendants, Class Counsel shall move the Court to enter an order for Preliminary Approval substantially in the form of Exhibit A attached hereto ("Preliminary Approval Order"), which order shall (a) preliminarily approve the Settlement memorialized in this Settlement Agreement as fair, reasonable, and adequate, including the material terms of this Agreement; (b) provisionally approve the Settlement Class, as defined herein, for settlement purposes only; (c) conditionally designate Representative Plaintiff as the representative of the Settlement Class and Class Counsel as counsel for the Settlement Class; (d) set a date for a final approval hearing ("Court Approval Hearing"); (e) approve the proposed Class Notice in the form attached hereto as Exhibit B and authorize its dissemination to the Class Members; (f) continue the stay of all proceedings and deadlines in the Action, excepting only those proceedings related to the Settlement, pending the Final Approval Hearing; (g) set deadlines consistent with this Agreement for mailing of the Class Notice, the filing of objections, the filing of motions, the submission of requests for exclusion from the Class, and the filing of papers in connection with the Court Approval Hearing; (h) appoint and approve the Settlement Administrator; and (i) prohibit and preliminarily enjoin Representative Plaintiff, all Class Members (excepting those who are Successful Opt-Outs), Class Counsel, and Plaintiff's Counsel from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release during the time between entry of the Preliminary Approval Order and final determination by the Court regarding whether to finally approve the Settlement in this Action. Defendants agree not to oppose the entry of the Preliminary Approval Order, provided it is substantially in the form of Exhibit A attached hereto. Without implication or limitation, Defendants' agreement not to oppose the entry of the Preliminary Approval Order shall not be an admission or concession by Defendants (or any of them) that a class was appropriate in the Action or would be appropriate in any other matter, and/or that any relief was appropriate in the Action, for litigation or for settlement purposes, or would be appropriate in any other matter.

B.   Administration.

2.02     Within twenty-eight (28) days of the Preliminary Approval Date, the Defendants shall prepare and provide a list ("Class Member List") identifying the Class Members by name and last known address to the Settlement Administrator and Class Counsel. The Class Member List, as well as the information on the List, shall be obtained from the Defendants' readily accessible electronic records and such other records, if any, as the Defendants may select. The Parties agree that this Settlement Agreement was based on the assumption that the total number of Class Members would be no fewer than 5,220 and no greater than 6,380. BANA shall have the right to void this Settlement Agreement if the Class Member List contains fewer than 5,220 Class Members, and Plaintiff shall have the right to void this Settlement Agreement if the Class Member List contains greater than 6,380 Class Members, *provided that* BANA shall have the right to modify the end date of the Class Period at its sole election and discretion to prevent the Class Member List from exceeding 6,380 Class Members.

2.03     After delivery of the Class Member List to the Settlement Administrator, the Settlement Administrator shall obtain updates, if any, to the addresses contained therein using (a) information reasonably available from a Lexis-Nexis persons search performed as to each Class Member, (b) information reasonably available from the National Change of Address ("NCOA") database maintained by the United States Postal

Service ("Postal Service"), and (c) such additional efforts as the Settlement Administrator reasonably believes are appropriate to identify updated addresses, if any, for each Class Member and/or as the Court may direct.

2.04     No later than fourteen (14) days before the deadline for initial mailing of the Class Notice contemplated under this Agreement, Representative Plaintiff and Class Counsel shall state any objections to the Class Member List to the Defendants, in writing, so that such objections can be timely resolved or an extension of the mailing deadline secured pending the resolution of such objections by the Parties or the Court.

2.05     Within forty-nine (49) days after the Preliminary Approval Date, the Settlement Administrator shall mail the Class Notice to each Class Member at the address set forth on the Class Member List, as updated by the Settlement Administrator pursuant to Paragraph 2.03 above. The Settlement Administrator shall have discretion to format the Class Notice in a reasonable manner to minimize mailing or administrative costs.

2.06     If any Class Notice sent under paragraph 2.05 above is returned by the Postal Service as undeliverable, the Settlement Administrator shall re-mail the Class Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail within a reasonable time after return. If the returned mail does not reflect a forwarding address, the Settlement Administrator shall have no obligation to re-mail, but shall provide Class Counsel with the names and addresses of the affected Class Members.

2.07     The Class Notice shall inform each Class Member of his or her right to request exclusion from the Class and not to be bound by this Agreement, if, within such time as is ordered by the Court and contained in the Class Notice ("Opt-Out Period"), the Class Member completes and mails a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice. For a Class Member's Opt-Out to be valid and treated as a Successful Opt-Out, it must (a) state his or her full name, address, and telephone number; (b) contain the property address which secures or secured the Mortgage Loan as to which the Class Member seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) unequivocally state the Class Member's intent to be excluded from the Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement. In those cases where a Class Member includes persons who were co-obligors on the same Mortgage Loan, the Class Member shall be deemed a Successful Opt-Out as to that Mortgage Loan only if all obligors elect to opt out. In the event a Class Member is a Class Member as to more than one Mortgage Loan and the Opt-Out fails to identify the Mortgage Loan(s) as to which the Class Member seeks exclusion, the Opt-Out shall be deemed to apply to the Mortgage Loan made first in time and not any other Mortgage Loans. No person shall purport to exercise any exclusion rights of any other person, or purport to opt-out Class Members as a group, aggregate, or class involving more than one Class Member or Opt-Out; any such purported Opt-Outs shall be void, and the Class Member(s) that is or are the subject of such purported Opt-Out shall be treated as a Class Member. Opt-Outs for a Class Member may, however, be prepared and mailed by counsel for that Class Member, subject to the other limitations of this paragraph. At the expiration of the Opt-Out Period, Class Counsel, Counsel for the Defendants and the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs and file the list with the Court under seal to protect the privacy interests of the Successful Opt-Outs. The Parties shall, if possible, agree as to whether a communication from a Class Member is a request to Opt-Out. Defendants or Class Counsel may dispute an

Opt-Out or purported Opt-Out, and the presentation and resolution of such disputes shall be governed by paragraph 2.09 below.

2.08    Other than as set forth in this Section II of the Agreement, there shall be no other provision for notice of the Settlement.

2.09    Within ten (10) days of the final date for postmarking of Opt-Outs set by the Court, any of the Defendants may challenge any requests for exclusion as not meeting the definition of Successful Opt-Out, by any form of written notice to Class Counsel ("Disputed Opt-Outs"). Such notice of Disputed Opt-Outs shall void any Opt-Outs unless Class Counsel disputes the challenge, in good faith, and in writing to Counsel for the Defendants within five (5) days of the receipt of notice of the Disputed Opt-Outs (or within such additional time as the Parties may agree or the Court may permit). The Court shall have jurisdiction to resolve Disputed Opt-Outs. The Parties agree that any decision by Defendants not to dispute a request for exclusion shall not be a waiver, determination, or preclusive finding against Defendants in any proceeding.

2.10    Any Class Member who is not a Successful Opt-Out, or who otherwise fails to comply with all requirements for opting-out as may be contained in this Agreement, in the Class Notice, or in any order of the Court, shall be bound by this Agreement, this Settlement and the Release. If a Class Member is a Successful Opt-Out, then that Class Member shall be excluded from the Settlement in its entirety, and shall not receive any benefits of the Settlement, including the Benefit Check(s), and will not be bound by the terms of this Settlement Agreement. Any Class Member who is a Successful Opt-Out shall have no standing to object to the Settlement and/or to intervene in the Action.

2.11    Any Class Member who is not a Successful Opt-Out and who wishes to object to the Settlement must provide a written objection to the Settlement ("Objection") to Class Counsel and Counsel for the Defendants, and file the Objection with the Court, on or before the deadline set by the Court for filing Objections. Each Objection must (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the address of the property that secured the Mortgage Loan; (c) state that the Class Member objects to the Settlement, in whole or in part; (d) set forth a statement of the legal and/or factual basis for the objection; and (e) provide copies of any documents that the Class Member wishes to submit in support of his or her position. Objections may be served and filed by counsel for a Class Member. Any Class Member who does not submit a timely Objection in complete accordance with this Agreement, the Class Notice, and any order of the Court shall not be treated as having filed a valid Objection to the Settlement.

2.12    Any Class Member who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must file a Notice of Appearance in the Action, take all other actions or make any additional filings as may be required in the Class Notice, or as otherwise ordered by the Court, and provide the Notice of Appearance and other papers to Class Counsel and Counsel for the Defendants within the time set by the Court. No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection or other paper, but failed to do so. Any Class Member who fails to comply with this Agreement, the Class Notice, and any other order of the Court shall be barred from appearing at the Court Approval Hearing.

2.13    Any Class Member who wishes to file a motion in the Action must file his or her motion with the Court, and contemporaneously provide it to Class Counsel and Counsel for the Defendants, within the time set by the Court. Unless the Court directs otherwise, the dates set forth in the Class Notice shall govern the rights of the Class Members.

2.14    Settlement administration shall be conducted by the Settlement Administrator, in combination with the Defendants, except as otherwise provided in this Agreement.

2.15    The Settlement Administration Costs shall be paid exclusively from, and not in addition to, the Settlement Amount.

2.16    For a period of one hundred eighty (180) days after the Final Approval Date, the Settlement Administrator shall maintain an address to receive inquiries with respect to the Settlement. The Parties, Class Counsel, and the Settlement Administrator shall, subject to the provisions of paragraphs 6.09 and 6.10 below and any order of the Court, have the right to respond to verbal or written inquiries initiated by individual Class Members concerning the Settlement at any time. Counsel for the Defendants shall also have the right to respond to verbal or written inquires directed to them by individual Class Members. To the extent Counsel for the Defendants respond to such inquiries in writing, Counsel for the Defendants will make a good faith effort to copy Class Counsel on any written communications made to Class Members about the Settlement.

2.17    Defendants shall provide, or cause the Settlement Administrator to provide on the Defendants' behalf, notice of the Settlement to the appropriate state or federal officials in accordance with the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715. The Parties agree that Defendants are permitted to provide such notice as required by law and that any notice by Defendants shall be done to effectuate the Settlement and shall not be considered a breach of this Agreement or any other agreement of the Parties.

C.    <u>Final Approval</u>.

2.18    At the time appointed by the Court, Representative Plaintiff and Class Counsel shall move the Court to enter a Final Approval Order substantially in the form of Exhibit C attached hereto, which order shall (a) finally approve the Settlement as fair, reasonable, and adequate; (b) give the terms of the Settlement final and complete effect; (c) find that all requirements of statute, rule, and state and federal Constitutions necessary to effectuate this Settlement have been met and satisfied; and (d) otherwise enter final judgment of dismissal on the merits and with prejudice in the Action. Defendants agree not to oppose the entry of the Final Approval Order, provided it is substantially in compliance with the form of Exhibit C attached hereto. Without implication or limitation, Defendants' agreement not to oppose the entry of the Final Approval Order shall not be an admission or concession by Defendants that a class was appropriate in the Action, for litigation or settlement purposes, or would be appropriate in any other matter, and/or that any relief was appropriate in the Action or would be appropriate in any other matter.

2.19    The Final Approval Order, or a separate order, shall be entered providing that Representative Plaintiff, all Class Members (excepting those who are Successful Opt-Outs), Class Counsel, and Plaintiff's Counsel shall be enjoined from commencing, prosecuting, or assisting in any lawsuit, administrative action, or any judicial or administrative proceeding against the Released Persons that asserts or purports to assert matters within the scope of the Release and judgment in the Action.

2.20    At the time appointed by the Court, and no later than fourteen (14) days before the deadline for the filing of Objections to the Settlement set by the Court, Representative Plaintiff and Class Counsel may, subject to the limitations set forth in this paragraph and paragraph 2.21 below, make written application to the Court for an award of attorneys' fees not to exceed, in the aggregate, thirty-three and one-third percent (33.33%) of the Settlement Amount and litigation costs actually incurred in the prosecution of this action not

to exceed ten thousand dollars ($10,000), both to be paid from, and not in addition to, the Settlement Amount. Defendants agree only not to file a written opposition to such application, provided that it is in accord with the limitations set forth in this paragraph. Without implication of limitation, Defendants' agreement not to file a written opposition shall not be construed as an admission, agreement, or concession by Defendants (or any of them) that the attorneys' fees and litigation costs applied for by Class Counsel are reasonable and/or appropriate. The Parties agree that the Court (and only the Court) shall determine the amount, if any, of the Attorney Fee/Litigation Cost Award in this Action.

(A) Class Counsel agree that any application made pursuant to this paragraph will not seek an amount in excess of thirty-three and one-third percent (33.33%) of the Settlement Amount for attorneys' fees or an amount in excess of ten thousand dollars ($10,000) for litigation costs actually incurred in the prosecution of the Action. The Attorney Fee/Litigation Cost Award, if any, made by the Court upon application pursuant to this paragraph 2.20 shall be paid from, and not in addition to, the Settlement Amount.

(B) In the event the Court awards less than thirty-three and one-third percent (33.33%) of the Settlement Amount in attorneys' fees as part of the Attorney Fee/Litigation Cost Award, the difference between thirty-three and one-third percent (33.33%) of the Settlement Amount and the amount of the fees portion of the Court's Attorney Fee/Litigation Cost Award shall remain as part of the Settlement Amount and be subject to distribution according to the terms of the Agreement. In the event the Court awards less than ten thousand dollars ($10,000) of the Settlement Amount in litigation costs actually incurred in the prosecution of the Action as part of the Attorney Fee/Litigation Cost Award, the difference between ten thousand dollars ($10,000) and the amount of the litigation costs portion of the Court's Attorney Fee/Litigation Cost Award shall remain as part of the Settlement Amount and be subject to distribution according to the terms of the Agreement.

(C) In the event the Court's Attorney Fee/Litigation Cost Award exceeds thirty-three and one-third percent (33.33%) of the Settlement Amount for attorneys' fees or more than ten thousand dollars ($10,000) for litigation costs, Representative Plaintiff and Plaintiff's Counsel (i) expressly disclaim any and all right to collect the excess or any portion of the excess; (ii) agree, upon demand, to execute a release of any person's or entity's obligations to pay such sums; and (iii) agree that the amount of an Attorney Fee/Litigation Cost Award in excess of thirty-three and one-third percent (33.33%) of the Settlement Amount for attorneys' fees or ten thousand dollars ($10,000) for litigation costs shall remain as part of the Settlement Amount and be subject to distribution according to the terms of this Agreement.

2.21    Defendants shall have no liability to (a) Class Counsel, (b) Plaintiff's Counsel, (c) any attorney or law firm associated with Class Counsel or party to any agreement (written or oral) with Class Counsel with respect to the prosecution of this Action or any lawsuit against any person or entity concerning or relating to the Mortgage Loans, and/or (d) any other person or entity for attorneys' fees or actual litigation costs relating to the Action and/or the Settlement other than as provided for in this Agreement. In the event that a lawyer, law firm, or other person or entity (other than Class Counsel) seeks an award of attorneys' fees, costs, expenses or other sums in connection with the Action or the Settlement, Defendants' attorneys' fees and costs incurred in connection with any such effort or other attempt to obtain any award, as well as any award resulting from any such effort or other attempt shall be deducted from the Settlement Amount so as to ensure that Defendants, under no circumstances, pay more than their respective shares of the $400,000 Settlement Amount set forth above.

2.22     At the time appointed by the Court, and no later than fourteen (14) days before the deadline for the filing of Objections to the Settlement set by the Court, Representative Plaintiff and Class Counsel may, subject to the limitations set forth in paragraphs 2.23 and 2.24 below, make written application to the Court for a Class Representative Award in an aggregate amount not to exceed ten thousand dollars ($10,000). To the extent approved, such an award shall be paid exclusively from, and not in addition to, the Settlement Amount.

2.23     Representative Plaintiff and Class Counsel agree that any application made pursuant to paragraph 2.22 above will not seek an aggregate amount in excess of ten thousand dollars ($10,000) to be paid to Representative Plaintiff exclusively from, and not in addition to, the Settlement Amount. Defendants agree not to oppose, or cause to be opposed, any such application provided that it is in accord with the limitations set forth in this paragraph and paragraph 2.22 above. Without implication of limitation, Defendants' agreement not to file a written opposition shall not be construed as an admission, agreement, or concession by Defendants (or any of them) that the Class Representative Award is reasonable and/or appropriate. The Parties agree that the Court (and only the Court) shall determine the amount, if any, of the Class Representative Award in this Action.

2.24     Representative Plaintiff and Class Counsel understand and agree that the Court may deny the application for a Class Representative Award or award an aggregate amount less than ten thousand dollars ($10,000). Representative Plaintiff further agrees that his agreement to this Settlement is not conditioned upon the possibility of receiving a Class Representative Award in any amount, and represents that he supports this Settlement even in the absence of a Class Representative Award. Representative Plaintiff and Class Counsel agree that the application for the Class Representative Award will be based upon the work performed by, and risks undertaken by, the Representative Plaintiff in the prosecution of this Action. Representative Plaintiff and Class Counsel further agree and represent that the filing of an application for a Class Representative Award is not a condition of Representative Plaintiff's decision to support the Settlement or to provide testimony in support of the Settlement.

2.25     In the event that the Court denies, in whole or in part, (a) any application made by Class Counsel pursuant to paragraph 2.20 above; and/or (b) any application made by Representative Plaintiff and Class Counsel pursuant to paragraph 2.22 above, the remainder of the terms of this Agreement shall remain in effect and such denial or partial denial shall not provide any basis for Class Counsel or Representative Plaintiff to seek to terminate or void this Agreement.

2.26     The Parties understand and agree (and, to the extent necessary, shall advise the Court) that no Final Approval Order may issue until at least ninety (90) days after the date all notices required under paragraph 2.17 above are served upon the appropriate state and/or federal officials under 28 U.S.C. § 1715.

2.27     At the Court Approval Hearing, Representative Plaintiff and Class Counsel shall present sufficient evidence to support the entry of a Final Approval Order, and shall present such evidence as they deem appropriate to support any applications for an Attorney Fee/Litigation Cost Award and/or a Class Representative Award.

2.28     The Parties and Class Counsel agree that Representative Plaintiff and Class Counsel will submit to Counsel for the Defendants drafts of any motions, memoranda or other materials Representative Plaintiff and/or Class Counsel intends to submit to the Court at least five (5) days prior to the date any such motion, memoranda or other materials are to be filed with the Court. The Defendants (or any of them) shall

have the right to provide reasonable, good-faith comments on such motions, memoranda, or other materials to the extent any of them deem it necessary, in their sole discretion, to protect their interests in the Settlement.

2.29    If and when the Court gives Final Approval to the Settlement, the Action shall be dismissed with prejudice, with all Parties to bear his, her, or its own costs and attorneys' fees not otherwise awarded.

## III.    <u>SETTLEMENT BENEFITS</u>

3.01    Subject to the terms and conditions of this paragraph 3.01 and paragraph 3.03 below, and except as otherwise provided in this Agreement, each Class Member who does not become a Successful Opt-Out and for whom a valid address has been identified for delivery of the Benefit Check as of the Final Approval Date, shall be sent a Benefit Check payable exclusively from the amount remaining as part of the Settlement Amount after deducting the Settlement Administration Costs actually incurred (which the Settlement Administrator has agreed will not exceed $,33,500, the Class Representative Award awarded by the Court (which the Parties have agreed shall not exceed $10,000), and the Attorney Fee/Litigation Cost Award awarded by the Court (which the Parties have agreed will not exceed 33.33% of the aggregate Settlement Amount for attorneys' fees and ten thousand dollars ($10,000) for litigation costs). Each eligible Class Member shall receive an equal share of the Settlement Amount after accounting for the above deductions from the Settlement Amount.[1] The Parties agree that, within five (5) business days after the Final Approval Date, the Settlement Administrator shall provide Class Counsel and Counsel for the Defendants with the final amount of the Benefit Checks based upon (a) a final calculation of the Settlement Administration Costs then incurred to date and reasonably anticipated by the Settlement Administrator to be incurred to complete the remaining administration activities in connection with the Settlement; (b) the number of Class Members who are Successful Opt-Outs, if any; (c) the numbers of Class Members as to whom a current address has not been identified by the Settlement Administrator or Class Counsel by the Final Approval Date, if any; (d) the final amount of the Settlement Administration Costs; (e) the amount of the Class Representative Award, if any, by the Court; (f), and the amount of the Attorney Fee/Litigation Cost Award, if any. The final amount of the Benefit Checks shall, to the extent practicable, account for distribution of the full amount of the remaining Settlement Amount, after deduction of the final Settlement Administration Costs and Class Representative and Attorney Fee/Litigation Cost Awards, if any, made by the Court, to each eligible Class Member who is not a Successful Opt-Out and for whom a current address has been identified by the Settlement Administrator or Class Counsel by the Final Approval Date. The Parties shall state any objections to the final Settlement Administration Cost calculation and/or final amount of the Benefit Checks determined by the Settlement Administrator no later than two (2) business days after receipt from the Settlement Administrator. In the event of any such objection(s), Class Counsel and Counsel for the Defendants shall meet and confer in a good faith effort to resolve the objection and, if such efforts are not successful, promptly submit the matter to the Court for resolution. No Benefit Checks shall be distributed to eligible Class Members pending the Court's resolution of any objections to the final Settlement Administration Cost calculation and/or final Benefit Check amount. The total amount to be paid to eligible Class Members under this paragraph shall in no event exceed the amount of the Settlement Amount remaining after accounting for the Settlement Administration Costs, Class Representative Award, if any, and the Attorney Fee/Litigation Cost Award, if any.

---

[1] By way of illustration only, if the Settlement Administration Costs are $33,500, the Class Representative Award is $10,000, and the Attorney Fee/Litigation Cost Award is $143,320 (33.33% of $400,000 + $10,000), then the amount of the Benefit Check to be issued to each eligible Class Member shall equal the quotient when the remaining $216,680 is divided by the number of eligible Class Members, such that if there are 6,000 eligible Class Members who are not Successful Opt-Outs, each shall receive a Benefit Check of $35.53.

In the event the final Benefit Check amount would, for any reason, cause the aggregate amount of the Benefit Checks distributed to eligible Class Members who are not Successful Opt-Outs and for whom a current address has been identified by the Settlement Administrator or Class Counsel by the Final Approval Date, plus the aggregate amount of the Settlement Administration Costs, Class Representative Award, if any, and the Attorney Fee/Litigation Cost Award, if any, to exceed the Settlement Amount, then the amount of the Benefit Check(s) to be paid to each eligible Class Member who is not a Successful Opt-Out shall be reduced by such equal amount as is necessary to cause the Settlement Amount not to be exceeded. If the division of the Settlement Amount above would result in a final Benefit Check amount payable to each eligible Class Member who is not a Successful Opt-Out that does not end in a full penny, then the amount of each Benefit Check shall be rounded down to the nearest penny so that the aggregate total of all Benefit Checks does not result in an excess of the Settlement Amount.

3.02    The Consideration and Benefit Checks available to eligible Class Members who do not submit a Successful Opt-Out, as well as Defendants' payment of (a) the Attorney Fee/Litigation Cost Award, if any, (b) the Class Representative Award, if any, (c) the Settlement Administration Costs, and (d) other benefits in this Agreement, shall be the sole benefits in exchange for the Release and Consideration for this Settlement. There shall be no interest accrued, owing, or paid on the Settlement Amount, the Benefit Checks, the Consideration, or any amount or other benefit under the Settlement, notwithstanding any judgment, principle, or statute that may provide otherwise.

3.03    Notwithstanding paragraphs 3.01 and 3.02 above and any other provisions of this Settlement Agreement, no Benefit Check shall be provided (a) from the Settlement Amount to any Class Member whose Class Notice is returned by the Postal Service as undeliverable without a forwarding address on the face of the returned mail; (b) as to whom the Settlement Administrator does not identify, or Class Counsel does not provide the Settlement Administrator, with a current address for that Class Member prior to the Final Approval Date; and (c) who does not otherwise make themselves known to Class Counsel and/or the Settlement Administrator and provide a current address prior to the Final Approval Date. Any Consideration not provided to a Class Member pursuant to this paragraph (or because the Class Member is a Successful Opt-Out) shall remain as part of the Settlement Amount and be distributed according to the terms of this Agreement.

3.04    Within ten (10) business days after the Final Approval Date or the Court's resolution of any objections to the final Settlement Administration Cost calculation made pursuant to paragraph 3.01 above, whichever is later, the Settlement Administrator shall establish an account (the "Payment Account") for the payment of the Benefit Check(s) to eligible Class Members, the Class Representative Award, if any, to Representative Plaintiff, the Attorney Fee/Litigation Cost Award, if any, to Plaintiff's Counsel, and the remaining Settlement Administration Costs, if any. The Defendants shall fund the Payment Account with the Defendants' respective shares of the Settlement Amount within fifteen (15) business days after the Final Approval Date or the Court's resolution of any objections to the final Settlement Administration Cost calculation and/or Final Benefit Check amount made pursuant to paragraph 3.01 above, whichever is later.

3.05    Subject to the terms and conditions of this Agreement, within thirty (30) business days after the Final Approval Date or the Court's resolution of any objections to the final Settlement Administration Cost calculation and/or Final Benefit Check amount made pursuant to paragraph 3.01 above, whichever is later, the Settlement Administrator shall mail or otherwise provide the Benefit Checks as follows:

(A)    The Settlement Administrator shall provide a Benefit Check payable from the Settlement Amount in the final amount set forth determined according to Paragraph 3.01 above to

each eligible Class Member who is not a Successful Opt-Out and for whom a current address has been identified by the processes set forth in this Agreement. Such Benefit Checks shall be drawn on the Payment Account and the Settlement Administrator shall mail each Benefit Check to the address provided for each eligible Class Member on the Class Member List or, if applicable, to any updated address provided to and/or obtained by the Settlement Administrator and/or Class Counsel prior to the Final Approval Date. No additional addresses for Class Members shall be accepted by the Settlement Administrator after the Final Approval Date.

(B)     All Benefit Checks issued pursuant to this paragraph shall be void if not negotiated within one hundred eighty (180) calendar days of their date of issue, and shall contain a legend to that effect. Benefit Checks issued pursuant to this paragraph that are not negotiated within one hundred eighty (180) calendar days of their date of issue shall not be reissued. In entering into this Settlement Agreement, Representative Plaintiff and Class Counsel agree, on behalf of all Class Members and the Class, that those Class Members who do not negotiate Benefit Checks within one hundred eighty (180) calendar days of their date of issue shall completely and irrevocably waive and release (on their own behalf and any other person or entity claiming through them) any rights or entitlement to receive the Consideration from the Settlement, to the maximum extent permitted by law, and that those Class Members shall have no recourse against Defendants and/or the Settlement Administrator.

3.06     If a Class Member is a Successful Opt-Out, then that Class Member shall be excluded from the Settlement, shall not receive any benefits of the Settlement (including any Benefit Check(s) available to Class Members who are not Successful Opt-Outs), and shall not be bound by the terms of this Settlement Agreement.

3.07     The Settlement Administrator shall not be permitted to distribute separate Benefit Checks to co-obligors who are entitled to relief under this Agreement on account of the same Mortgage Loan, but, in such cases, shall distribute only one Benefit Check payable jointly to all such Class Members on a Mortgage Loan. In the event the Settlement Administrator determines co-obligors on the same loan have different mailing addresses, the Settlement Administrator shall mail the Benefit Check to only one address selected in its discretion. The Defendants and the Settlement Administrator shall have no liability to any co-obligor arising from any claim regarding the division of the benefits, or negotiation, of a Benefit Check among co-obligors on the same Mortgage Loan.

3.08     Subject to the terms and conditions of this Agreement, within twenty (20) business days after the Final Approval Date or the Court's resolution of any objections to the final Settlement Administration Cost calculation and/or Final Benefit Check amount made pursuant to paragraph 3.01 above, whichever is later, and upon determining that the Defendants have fully funded the Payment Account with the Settlement Amount, minus any amounts paid by them to the Settlement Administrator in advance, the Settlement Administrator shall pay, from the Payment Account, the Attorney Fee/Litigation Cost Award in the amount, if any, ordered by the Court, up to a maximum amount of thirty-three and one-third percent (33.33%) of the Settlement Amount for attorneys' fees plus ten thousand dollars ($10,000) for litigation costs, to Class Counsel by check or by wire transfer to an account specified by Class Counsel. Class Counsel shall provide the Settlement Administrator with the name of the account payable and, if directed by the Settlement Administrator, with written wiring instructions for such transfer, no later than ten (10) business days after the

Final Approval Date. Defendants shall have no liability to Class Counsel and/or Plaintiff's Counsel arising from any claim regarding the division of any Attorney Fee/Litigation Cost Award between and among Class Counsel or Plaintiff's Counsel.

3.09    Subject to the terms and conditions of this Agreement, within twenty (20) business days after the Final Approval Date or the Court's resolution of any objections to the final Settlement Administration Cost calculation and/or Final Benefit Check amount made pursuant to paragraph 3.01 above, whichever is later, and upon determining that the Defendants have fully funded the Payment Account with the Settlement Amount, minus any amounts paid by them to the Settlement Administrator in advance, the Settlement Administrator shall pay, from the Payment Account, the Class Representative Award in the amount, if any, ordered by the Court (up to a maximum aggregate amount of ten thousand dollars ($10,000)) by check or by wire transfer to an account specified by Class Counsel. Class Counsel shall provide the Settlement Administrator with the name of the account payable and, if directed by the Settlement Administrator, with written wiring instructions for such transfer, no later than ten (10) business days after the Final Approval Date. Defendants shall have no liability to Representative Plaintiff, Class Counsel, or Plaintiff's Counsel arising from any claim regarding the delivery or payment of the Class Representative Award by Class Counsel or Plaintiff's Counsel to Representative Plaintiff. In advance of the payments contemplated under paragraph 3.08 above and this paragraph 3.09, Class Counsel and Representative Plaintiff agree to provide Defendants with completed copies of Representative Plaintiff's Internal Revenue Service Form W-9, on the currently effective form, and understand that no Attorney Fee/Litigation Cost Award or Class Representative Award will be issued without such W-9 form.

3.10    Upon completion of administration of this Settlement, the Settlement Administrator may disburse to itself from the Payment Account the final Settlement Administration Cost amount agreed to by the Parties or, in the absence of agreement, determined by the Court pursuant to paragraph 3.01 above. In no circumstances, however, shall the Settlement Administrator disburse to itself any amount greater than the maximum Settlement Administration Costs contemplated under this Agreement.

3.11    Defendants' and the Settlement Administrator's respective obligations with respect to funding and creating the Payment Account for the distribution of Benefit Checks, the Attorney Fee/Litigation Cost Award, if any, and the Class Representative Award, if any, and distributing such funds, shall be performed in good faith. So long as it is performed in good faith, Defendants and the Settlement Administrator shall not be liable for erroneous, improper, or inaccurate distribution, and the Release (as embodied in paragraphs 4.01 to 4.05 of this Agreement) and any judgment shall be effective as of the Final Approval Date as to Representative Plaintiff, Class Counsel, Plaintiff's Counsel, and every Class Member (excepting those who are Successful Opt-Outs) notwithstanding any such error and regardless whether such error is corrected.

3.12    All monies that might in the future be paid to any Class Member are not vested, or otherwise monies in which the Class Member has an enforceable legal, tangible, or intangible interest, and instead shall remain the sole and exclusive property of Defendants (to the extent of their respective contributions to the Settlement Amount and, in the event any portion of those contributions is disbursed pursuant to this Agreement, in the same percentage as their respective contributions to the Settlement Amount in any remaining amounts) unless and until all conditions precedent to payment under this Agreement are met, the monies are paid, and the Benefit Checks are timely negotiated. In order to give effect to the Parties' intention, and to the maximum extent permitted by law, no person, entity, or governmental body shall have any rights to Benefit Checks that are not timely negotiated, to any sum that would have been paid if Benefit Checks had been timely negotiated, or to any portion of the Benefit Checks whether claimed, unclaimed, negotiated or

not negotiated, and/or in any sums which might have been paid to Class Members. The Parties further agree that the amount of any Benefit Checks not timely negotiated shall be donated to a mutually agreeable *cy pres* recipient, to be used by such recipient solely to provide financial literacy education to homebuyers and mortgage loan borrowers in Florida.

3.13    The maximum aggregate amount the Defendants shall be obligated to pay under this Agreement, if it gains Final Approval, is four hundred thousand dollars ($400,000). The Parties further agree that, in the event a court determines or otherwise issues an order or opinion that there should be any money paid from the Settlement Amount, or from any other source, by Defendants (or any of them) other than to (a) eligible Class Members (who are not Successful Opt-Outs); (b) Class Counsel, as an Attorney Fee/Litigation Cost Award ordered by the Court; (c) Representative Plaintiff, as a Class Representative Award ordered by the Court; and (d) the Settlement Administrator for Settlement Administration Costs, this Settlement and Agreement shall be void.

## IV.    <u>RELEASES</u>

4.01    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, Representative Plaintiff and each Class Member who is not a Successful Opt-Out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, bankruptcy estates, bankruptcy trustees, predecessors, next friends, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and each of them (collectively and individually, the "Releasing Persons"), will be deemed to have completely released and forever discharged Bank of America, Frenkel Lambert, and each and every one of their past, present, and future parents, predecessors, successors, partners, assigns, subsidiaries, affiliates, divisions, owners, shareholders, officers, directors, vendors, employees, attorneys, insurers, and agents (alleged or actual) (collectively and individually, the "Released Persons"), from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including, without limitation, (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any of the Released Persons, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until the Final Approval Date (collectively, the "Released Rights"), that arise out of and/or concern (a) Released Rights that were asserted, or attempted to be asserted, in the Action; (b) conduct, acts, and/or omissions (alleged or actual) by any of the Released Persons arising from or relating in any manner to Reinstatement Quotes; (c) any practice, policy, and/or procedure (alleged or actual) of any of the Released Persons concerning Reinstatement Quotes; (d) conduct, acts and/or omissions (alleged or actual) by any of the Released Persons relating to the charging, collection, attempted collection, listing, disclosure, or allocation of any fees, charges, credits, or payments on any Reinstatement Quotes; (e) all claims that were or could have been asserted in the Action arising from or relating in any manner to any conduct, act and/or omissions (alleged or actual) by any of the Released Persons relating to Reinstatement Quotes; (f) all claims asserted in the Action; (g) any claim or theory that any act or omission by the Defendants (or any of them) arising from or relating to any request for or provision of any Reinstatement Quotes violates any statute, regulation, law and/or contract; and (h) any violation and/or alleged violation of state and/or federal law, whether common law or statutory, arising from or relating to the conduct, acts, and/or omissions described in this paragraph 4.01 (a)-(g) above. This Release shall be

included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

4.02    Part of the consideration being paid by Frenkel Lambert in the Settlement Amount is to extend the release language in section 4.01 to Class Members whose Mortgage Loans are either owned or serviced by clients of Frenkel Lambert other than Bank of America, but on behalf of whom Frenkel Lambert sent a reinstatement letter.

4.03    In addition to the provisions of paragraphs 4.01 and 4.02 above, the Releasing Persons hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to paragraph 4.01 above. Section 1542 of the California Civil Code reads:

> Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, each of the Releasing Persons acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraphs 4.01 above, but each of those individuals expressly agrees that, upon entry of the final judgment contemplated by this Settlement Agreement, he, she, or they shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 4.01 above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

4.04    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the undersigned Class Counsel, for themselves, Plaintiff's Counsel, and each of his, her or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge each of the Defendants and the Released Persons from any and all right, lien, title, or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as provided herein.

## V.    <u>REPRESENTATIONS AND WARRANTIES</u>

5.01    In addition to the provisions herein, this Agreement and the Settlement shall be subject to the ordinary and customary judicial approval procedures under Fed. R. Civ. P. 23. Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, Representative Plaintiff and Class Counsel represent and warrant to Defendants that they shall take all appropriate steps in the Action necessary to preserve the jurisdiction of the Court, use their best efforts to cause the Court to grant Preliminary and Final Approval of this Agreement as promptly as possible, and take or join in such other steps as may be necessary to implement this Agreement and to effectuate the Settlement. This includes the obligation to (a) oppose non-meritorious

objections and to defend the Agreement and the Settlement before the Court and on appeal, if any; (b) seek approval of this Agreement and of the Settlement by the Court; (c) move for the entry of the orders identified in paragraphs 2.01 and 2.18 above; and (d) join in the entry of such other orders or revisions of orders or notices, including the orders and notices attached hereto, as are required by Defendants, subject to Representative Plaintiff's consent, not to be unreasonably withheld or delayed.

5.02    Representative Plaintiff and Class Counsel represent and warrant that any Attorney Fee/Litigation Cost Award they may seek upon application to the Court pursuant to paragraph 2.20 above shall include all attorneys' fees and litigation costs that Representative Plaintiff, Plaintiff's Counsel, and any of the current and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), representatives, employees, and affiliates of Plaintiff's Counsel and Class Counsel, seek or may have any right or claim to in connection with the Action and the Released Rights.

5.03    Representative Plaintiff and Class Counsel represent and warrant that other than "Plaintiff's Counsel," as that term is defined above, there are no persons (natural or legal) having any interest in any award of attorneys' fees, expenses, or litigation costs in connection with the Action.

5.04    Representative Plaintiff, Class Counsel, and Defendants represent and warrant that he, she, it, or they have full authorization and capacity to enter into this Agreement and to carry out the obligations provided for herein. Each person executing this Agreement on behalf of a Party, entity, or other person(s) covenants, warrants, and represents that he, she, or they has or have been fully authorized to do so by that Party, entity, or other person(s). Representative Plaintiff, Class Counsel, and Defendants represent and warrant that he, she, it, or they intend to be bound fully by the terms of this Agreement.

5.05    Representative Plaintiff, Class Counsel (for themselves and Plaintiff's Counsel), and Defendants represent and warrant that they have not, nor will they, unless expressly authorized to do so by the terms of this Agreement, (a) attempt to void this Agreement in any way; (b) Opt-Out of the Settlement under this Agreement; (c) solicit or encourage in any fashion Class Members to Opt-Out; or (d) solicit or encourage in any fashion any effort by any person (natural or legal) to object to the Settlement under this Agreement.

5.06    Class Counsel and Plaintiff's Counsel represent and warrant that, subject to and consistent with Rule 4-5.6 of the Florida Rules of Professional Conduct, they (a) have no current client with claim against any of the Defendants arising from or relating to the request for or provision of a Reinstatement Quote of the type alleged in the Action that has not already been filed and served on the Defendants (or any of them), and (b) have no present intention to seek out or solicit former or current borrowers with residential mortgage loans made and/or serviced by Bank of America with respect to matters within the scope of the Release, as embodied in paragraphs 4.01 to 4.03 above. The Parties understand and agree that nothing in this Paragraph imposes or shall be construed to prohibit or restrict Class Counsel and/or Plaintiff's Counsel from representing persons who seek representation for such claims subsequent to the date of this Agreement.  Further, the Parties understand and agree that any provision of this Paragraph is void to the extent it is determined, by way of a final (non-appealable) decision of a court of competent jurisdiction or a formal opinion of a Florida Bar, to conflict with the Florida Rules of Professional Conduct.

5.07    Class Counsel and Plaintiff's Counsel represent and warrant that they do not represent any current client with any claim against any Released Person that has, as of the date of this Agreement, not been filed and served upon the Released Person.

5.08     All parties to this Agreement represent and warrant that, following the Final Approval Date, they will comply with the terms of the Protective Order to be entered by the Court in the Action relating to the return or destruction of all documents and other discovery materials designated as Confidential by Defendants (or any of them). Representative Plaintiff, Plaintiff's Counsel, Defendants, Counsel for the Defendants further represent and warrant that they will not use or seek to use (a) any confidentially designated discovery obtained from another party in the Action and/or (b) the fact or content of the Settlement in this Action in connection with any other claim, action, or litigation against any Released Person (excepting only actions to enforce or construe this Agreement). The Parties understand and agree that subsection (a) of this Paragraph shall not apply to a Party's use of discovery that such Party itself produced and designated confidential in the Action.

5.09     Until and unless this Agreement is dissolved or becomes null and void by its own terms, or unless otherwise ordered by the Court, or if Final Approval is not achieved, Defendants represent and acknowledge to Representative Plaintiff that they will not oppose the Settlement, Preliminary Approval and/or Final Approval, provided that the Preliminary Approval Order and Final Approval Order sought by Plaintiff and Class Counsel are substantially in the forms of Exhibits A and C attached hereto, respectively.

5.10     If any person, legal or natural, breaches the terms of any of the representations and warranties in this Section V, the Court shall retain jurisdiction over this matter to entertain actions by a Party against such person for breach and/or any Party's request for a remedy for such breach.

5.11     Class Counsel represent and warrant to Defendants that they have the authority to execute this Agreement on behalf of Plaintiff, themselves, and Plaintiff's Counsel, and thereby to bind Plaintiff, themselves, and Plaintiff's Counsel to all terms and conditions of this Agreement, and, subject to Court approval, to bind all non-opting-out Class Members to the terms and conditions of this Agreement. Class Counsel further agrees that, prior to Final Approval, Class Counsel will deliver to Defendants a written confirmation executed by each of Plaintiff's Counsel that (a) Class Counsel had the actual authority to execute this Agreement on behalf of Plaintiff's Counsel and bind each of them to the terms and conditions of this Agreement and/or that such Plaintiff's Counsel ratify the execution of this Settlement Agreement by Class Counsel, and (b) Plaintiff's Counsel agree to be bound by all terms and conditions of this Agreement that concern Plaintiff's Counsel. Class Counsel and Counsel for the Defendants further agree that said written confirmation may be contained as part of an affidavit or declaration filed and executed by Plaintiff's Counsel (or any of them) in support of an application under paragraph 2.20 above for an Attorney Fee/Litigation Cost Award.

5.12     BANA represents and warrants that, consistent with the language in Paragraph (3) "Disclaimer About *TOTAL DUE – You May Owe Less:" of its Reinstatement Quote and its policies and procedures, it has refunded and/or credited, or will refund and/or credit, to Class Members' accounts any estimated amounts paid by a Class Member in response to a Reinstatement Quote in excess of the amounts necessary to reinstate the loan as of the date such funds were received.

## VI.    <u>MISCELLANEOUS PROVISIONS</u>

6.01     Except as specified herein, this Agreement and the Settlement provided for herein shall not be effective until the Final Approval Date. Until that time, and except as otherwise specifically provided for in this Agreement, Defendants shall have no obligation to pay or set aside any monies due or potentially due under the terms of this Agreement.

6.02    This Agreement reflects, among other things, the compromise and settlement of disputed claims and defenses among the Parties hereto, and nothing in this Agreement or any action taken to effectuate this Agreement is intended to be an admission or concession of liability of any Party or third party or of the validity of any claim. Defendants deny the allegations in the Action, and contend that their conduct has been entirely lawful and proper.

6.03    This Agreement is entered into only for purposes of settlement. In the event that Final Approval of this Agreement and this Settlement does not occur for any reason, this Agreement shall become null and void. In that event, the Parties shall be absolved from all obligations under this Agreement, and this Agreement, any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of this Agreement shall have no effect and shall not be admissible evidence for any purpose. In addition, in that event, the status of the Action shall revert to the state it was in prior to settlement, the pleadings shall revert to that date, and the agreements contained herein shall be null and void, shall not be cited or relied upon as an admission as to the Court's jurisdiction or the propriety of class certification, and the Parties shall have all rights, claims, and defenses that they had or were asserting as of the date of this Agreement.

6.04    Nothing shall prevent Representative Plaintiff or the Defendants (or any of them) from appealing any denial by the Court of Final Approval of this Settlement, and the Parties agree that, in the event of such an appeal, the case will be stayed pending the resolution of any such appeal. The Parties agree they will continue to support and advocate for approval of the Settlement on appeal or in post-appeal proceedings, if there is such an appeal, to the same extent as they are bound herein to do so while the Action is before the Court. In the event such an appeal results, by order of the appellate court or by an order after remand or a combination thereof, in the entry of an order(s) whereby the Settlement is approved in a manner substantially consistent with the substantive terms and intent of this Settlement Agreement, and dismissing all claims in the Action with prejudice, and otherwise meeting the substantive criteria of this Agreement for approval of the Settlement, such order shall be treated as a Final Approval Order.

6.05    The Parties agree that all negotiations, statements, proceedings, and other items related to this Agreement are for settlement purposes only, and shall not be offered or be admissible in evidence by or against any other Party or cited or referenced by Plaintiff, Plaintiff's Counsel, Counsel for the Defendants, or Defendants in any other action or proceeding against Defendants or Plaintiff except to enforce the Agreement.

6.06    This Agreement shall be terminable at the option of the Defendants (a) in the event the Court fails to enter the orders contemplated by paragraphs 2.01 and 2.18 above, or does so in a form materially different from the forms contemplated by this Agreement; (b) if the Agreement becomes null and void in accordance with paragraph 6.03 above; (c) if the Court or any other court permits a person or persons to Opt-Out as a representative, or otherwise to exercise or preserve the Opt-Out, or substantive rights, of others; (d) if the Court fails to approve this Agreement as written and agreed to by the Parties, including but not limited to a failure to approve the Preliminary Approval Order or the Final Approval Order; (e) in the case of a Material Event; (f) if the Attorney Fee/Litigation Cost Award and/or Class Representative Award, if any, made by the Court is greater than the maximum amount of each award Class Counsel and Representative Plaintiff may apply for under paragraphs 2.20 and 2.22 of this Agreement; (g) if Class Counsel fails to provide the written confirmation required under paragraph 5.11 above prior to Final Approval; or (h) as otherwise provided in this Agreement. This Agreement shall also be terminable at the option of the Defendants if Class Members relating to more than two percent (2%) of the Mortgage Loans become Successful Opt-Outs. In the

21

event a termination option arises, BANA or Frenkel Lambert shall exercise the option by the later of twenty (20) days after the events giving rise to the termination right or Final Approval.

6.07    The Agreement also shall be terminable upon the mutual agreement of the Representative Plaintiff and Defendants.

6.08    If this Agreement is terminated pursuant to its terms, or if Final Approval does not occur, or if this Agreement is not approved in full, then any and all orders vacated or modified as a result of this Agreement shall be reinstated, and any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated *nunc pro tunc*.

6.09    Representative Plaintiff and Class Counsel shall not (a) issue, or otherwise cause to be issued, any press release, advertisement, Internet posting (except that Class Counsel can list the Action as a settled case on its website with a brief description of the claims asserted) or similar document concerning the Action and/or the facts and circumstances that were the subject of, or disclosed in discovery in, the Action, excepting only such documents created and disbursed as part of the Class Notice or (b) make extrajudicial statements or seek media interviews concerning: (i) the Action; (ii) the facts and circumstances that were the subject of, or disclosed in discovery in the Action; and/or (iii) the Settlement of the Action, excepting only that such statements may be made to individual Class Members in one-on-one communications or as part of the Class Notice. This provision shall in no way limit Class Counsel from discussing the legal issues raised in the Action.

6.10    The Parties agree that nothing in this Agreement shall be construed to prohibit communications between Defendants and the Released Persons, on the one hand, and Class Members, on the other hand, in the regular course of Defendants' and the Released Persons' businesses.

6.11    Representative Plaintiff, Class Counsel, the Defendants, and Counsel for the Defendants shall not produce or provide to any governmental body or agency, administrative body or agency, regulator, Board or commission, attorney general of a State, the United States Department of Justice, or any other government or law enforcement agency or body any discovery materials or other documents obtained from other parties (or any of them) in the Action unless required to do so by law and after reasonable notice to the party or parties from whom such documents were obtained in advance of any production such that the parties (or any of them) may seek a court order or other relief precluding or preventing production.

6.12    This Agreement is intended to and shall be governed as a contract executed under the laws of the State of Florida.

6.13    The terms and conditions set forth in this Agreement constitute the complete and exclusive agreement between the Parties hereto, and may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. Any modification of the Agreement must be confirmed and executed in writing by all Parties and served upon Counsel for the Defendants and Class Counsel.

6.14    This Agreement shall be deemed to have been drafted jointly by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

6.15     This Agreement shall inure to the benefit of the Released Persons and the heirs, successors, and assigns of each Released Person, and each and every one of the Released Persons shall be deemed to be intended third-party beneficiaries of this Agreement and, once approved by the Court, of the Settlement.

6.16     The waiver by one Party of any provision, right, or condition of this Agreement shall not be deemed a waiver of any other provision, right, or condition of this Agreement. The waiver by one Party of any remedies or recourse that Party may have in the event of a breach by another Party of any provision of this Agreement shall not be deemed a waiver of any remedy or recourse that Party may have in the event of a breach of any other provision of this Agreement.

6.17     This Agreement, and the Settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence, or support a contention that (a) the Defendants and/or any of the Released Persons acted illegally, improperly, or in breach of law, contract, ethics, or proper conduct; and/or (b) class certification is required or appropriate in any future lawsuit against the Defendants (or any of them) and/or any of the Released Persons.

6.18     This Agreement shall become effective upon its execution by Class Counsel and Defendants, except for those provisions that require approval from the Court to be effective (and those provisions shall become effective upon their approval by the Court). Representative Plaintiff shall thereafter execute this Agreement promptly, and may execute this Agreement in a counterpart. Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

6.19     No representations or advice regarding the tax consequences of this Agreement have been made by any Party. The Parties further understand and agree that each Party, each Class Member and each of Class Counsel and Plaintiff's Counsel shall be responsible for his, her, its, or their own taxes, if any, resulting from this Agreement and any payments made pursuant to this Agreement.

6.20     The Parties agree that any Class Member who is in active bankruptcy proceedings or previously was a party to bankruptcy proceedings during the Class Period may only participate in the Settlement subject to applicable bankruptcy law and procedures. Defendants are under no obligation to notify any bankruptcy court that has, had, or may have jurisdiction over such Class Member's bankruptcy proceedings or any trustee or examiner appointed in such Class Member's bankruptcy proceedings of this Agreement or the benefits conferred by the Agreement and the Settlement.

6.21     Each Class Member agrees that, if he, she, or they are in active bankruptcy proceedings or previously was a party to a bankruptcy proceeding during the Class Period, and either the claims asserted in this Action or the benefits payable under this Agreement are or may be part of the Class Member's bankruptcy estate and not the property of the Class Member, the Class Member will (a) advise the bankruptcy trustee of this Agreement and the benefits conferred by the Agreement and Settlement, in time for the trustee to exercise any rights or object to the Settlement, (b) comply with any direction from his, her, or their bankruptcy trustee with respect to this Settlement and the benefits conferred by the Agreement and the Settlement, and (c) in the event of any disagreement with the direction of the bankruptcy trustee, seek relief from the appropriate bankruptcy court (without the involvement of any other party to this Agreement). The Parties further agree that any disputes concerning the rights of the bankruptcy estate to the proceeds of any Settlement Payment or Class Representative Award shall be adjudicated by the Bankruptcy Court. The

Settlement Administrator shall follow any direction of the Bankruptcy Court with respect to the proceeds of any Settlement Payment or Class Representative Award. In the event the Bankruptcy Court issues any order or orders that do more than adjudicate the proceeds of any Settlement Payment or Class Representative Award, and such order or orders are material in Defendants' judgment exercised in good faith, Defendants shall have the right to terminate this Agreement.

6.22    Under no circumstances shall the Settlement or Agreement or the Release be deemed to alter, amend, or change the terms and conditions of any Mortgage Loan to which any Class Member is or was a party, or to provide a defense to any such loan, including but not limited to a defense based on the so-called "one action" rule, nor shall the Settlement or the Agreement or the Release be deemed to have any effect in any bankruptcy case, in any foreclosure proceeding, or in any other action involving a Class Member hereto, nor shall the Settlement Agreement create or be construed as evidence of any violation of law or contract, including claims under the Truth in Lending Act or the Real Estate Settlement Procedures Act; in the event this Agreement is so construed as to a particular Class Member, it can be declared by Defendants to be null and void as to that Class Member only (and in such latter event, the Release as to that Class Member shall also be void). Representative Plaintiff and the Settlement Class expressly covenant and agree, as a material inducement to Defendants, and recognizing the practical difficulties faced by Defendants in ongoing or future matters, that each of them waive and forever relinquish any rights or entitlement they may possess or come to possess (other than as set forth herein) to have Defendants or the Released Persons amend, alter, or revise proofs of claims, rights, demands, suits, or other claims made (or to be made) in order to reflect the benefit of the Benefit Checks provided or to be provided or to reflect the other terms of this Agreement and the Settlement.

6.23    Although the Court shall enter a judgment, the Court shall retain jurisdiction over the interpretation, effectuation, enforcement, administration, and implementation of this Agreement. In the event any proceeding is brought to enforce the terms of this Agreement, the prevailing Party shall be entitled to recover from the other(s) damages arising from any breach of the Agreement, and his, her, or its reasonable attorneys' fees and costs incurred therein. Further, if a Class Member or Defendant takes any action or position, after the Final Approval Date, in any lawsuit (including the Action) that causes any Party to seek relief, intervention, or ruling by this Court to enforce, interpret, or protect the Settlement, this Agreement, or any of its orders subsequent hereto (including the Preliminary Approval Order or the Final Approval Order), the Court shall retain jurisdiction over this matter to entertain motions or requests by that Party for an award of damages and attorneys' fees against such Class Member.

6.24    Defendants and Representative Plaintiff acknowledge that they have been represented and advised by independent legal counsel throughout the negotiations that have culminated in the execution of this Agreement, and that they have voluntarily executed the Agreement with the consent of and on the advice of counsel. The Parties have negotiated and reviewed fully the terms of this Agreement.

[SIGNATURES ON THE FOLLOWING PAGES]

**IN WITNESS WHEREOF,** the Parties hereto, acting by and through their respective counsel of record, have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

REPRESENTATIVE PLAINTIFF:

Ignacio Paneque

Ignacio Paneque

Date: 5/8/17

PLAINTIFF'S COUNSEL:

James L. Kauffman, Esq.

James L. Kauffman, Esq.

Date:

BAILEY & GLASSER LLP
1054 31st Street NW, Suite 230
Washington, DC 20007

J. Dennis Card, Jr., Esq.

J. Dennis Card, Jr., Esq.

Date:

Darren Newhart, Esq.

Darren Newhart, Esq.

Date:

CONSUMER LAW ORGANIZATION, P.A.
721 US Hwy 1, Suite 201
North Palm Beach, FL 33408

Christopher Legg, Esq.

Christopher Legg, Esq.

Date:

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have entered into this Settlement Agreement on the date first above written, and have executed this Settlement Agreement on the date indicated below each respective signature.

**REPRESENTATIVE PLAINTIFF:**

Ignacio Paneque

_____
Ignacio Paneque

Date:_____

**PLAINTIFF'S COUNSEL:**

James L. Kauffman, Esq.

_____
James L. Kauffman, Esq.

Date:    5 - 8 - 17

**BAILEY & GLASSER LLP**
1054 31st Street NW, Suite 230
Washington, DC 20007

J. Dennis Card, Jr., Esq.

_____
J. Dennis Card, Jr., Esq.

Date:    5 / 8 / 2017

Darren Newhart, Esq.

_____
Darren Newhart, Esq.

Date:    5 / 8 / 17

**CONSUMER LAW ORGANIZATION, P.A.**
721 US Hwy 1, Suite 201
North Palm Beach, FL 33408

Christopher Legg, Esq.

_____
Christopher Legg, Esq.

Date:    5 / 8 / 17

26

**CHRISTOPHER W. LEGG, P.A.**
3837 Hollywood Blvd, Suite B
Hollywood, FL 33021

**DEFENDANTS:**

**BANK OF AMERICA, N.A.**

By:
Title:

Date:

**FRENKEL LAMBERT WEISS WEISMAN &**
**GORDON, LLP**

By: TODD E. WEISMAN
Title: PARTNER

Date: 5 - 8 - 17

27

CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd, Suite B
Hollywood, FL 33021

DEFENDANTS:

BANK OF AMERICA, N.A.

_____

By:
Title:

Date:_____

FRENKEL LAMBERT WEISS WEISMAN &
GORDON, LLP

_____

By:
Title:

Date: _____

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action No. 1:16-cv-21212-GAYLES**

IGNACIO PANEQUE, *on behalf of himself*
*and all others similarly situated,*

      Plaintiff,

vs.

BANK OF AMERICA, N.A. and, FRENKEL
LAMBERT WEISS WEISMAN &
GORDON LLP,

      Defendants.

_____/

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVISIONALLY CERTIFYING SETTLEMENT CLASS, AND WITH RESPECT TO CLASS NOTICE, COURT APPROVAL HEARING AND ADMINISTRATION

Upon consideration of the Parties' Settlement Agreement dated May 8, 2017 (the "Settlement Agreement" or "Agreement"), Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement and Provisional Certification of Settlement Class ("Plaintiff's Motion"), and the pleadings and other materials on file in this Action, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Settlement Agreement and the exhibits thereto are hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2.      For purposes of the Settlement, and as defined in the Agreement, the Settlement Class includes all borrowers who, according to readily accessible data and other electronic records of the Defendants, requested or received, either directly or indirectly through an agent, attorney, or other person or entity acting or purporting to act on the borrower's behalf, a Reinstatement

Quote concerning a mortgage loan from either Bank of America, N.A. or Frenkel Lambert Weiss Weisman & Gordon, LLP at any time during the Class Period..  After considering the relevant factors in Fed. R. Civ. P. 23, and subject to further consideration at the Court Approval Hearing described in paragraph 13 below, the Court finds that this Settlement Class provisionally meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement.

3.      For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Court Approval Hearing described in paragraph 13 below, Representative Plaintiff Ignacio Paneque is hereby provisionally designated as the representative of the Class.

4.      For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and subject to further consideration at the Court Approval Hearing described in paragraph 13 below, the following attorneys are provisionally appointed as Class Counsel:

Christopher W. Legg                      James L. Kauffman
CHRISTOPHER W. LEGG, P.A.                BAILEY & GLASSER LLP
3837 Hollywood Blvd., Suite B            1054 31st Street NW, Suite 230
Hollywood, FL 33021                      Washington, DC 20003
(954) 235-3706                           (202) 463-2101
ChrisLeggLaw@gmail.com                   jkauffman@baileyglasser.com

Darren R. Newhart
J. Dennis Card Jr.
CONSUMER LAW ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
(561) 822-3446
darren@cloorg.com

5.      For purposes of the Settlement, Garden City Group, LLC is approved and designated as the settlement administrator for the Settlement.

6.     Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement (and the Settlement provided for therein) are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Court Approval Hearing described at paragraph 13 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

7.     Pursuant to the terms of the Settlement Agreement, within forty-nine (49) days of the Preliminary Approval Date, the Settlement Administrator shall (a) obtain updates, if any, to the addresses for each Class Member identified in the Class Member List as provided for in the Settlement Agreement; and (b) provide notice of the Settlement and the Court Approval Hearing to each Class Member by mailing a copy of the Class Notice, substantially in the form of the document attached to the Agreement as Exhibit B, to each Class Member at the address set forth on the Class Member List as updated by the Settlement Administrator. Before mailing, the Settlement Administrator shall fill in all applicable dates and deadlines in the Class Notice to conform to the dates and deadlines specified for such events in this Order. The Settlement Administrator shall also have discretion to format the Class Notice in a reasonable manner before mailing to minimize mailing and/or administration costs.

8.     If any Class Notice mailed pursuant to the Settlement Agreement and this Order is returned by the United States Postal Service ("Postal Service") as undeliverable, then the Settlement Administrator shall re-mail the Class Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail within a reasonable time after return. If the returned mail does not reflect a forwarding address, the Settlement Administrator shall have no

obligation to re-mail, but shall provide Class Counsel with the names and addresses of the affected Class Members.

9.      The Court finds that the Settlement Agreement's plan for direct mail to Class Members is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice complies with Fed. R. Civ. P. 23 and is appropriate as part of the notice plan and the Settlement, and thus they are hereby approved, adopted and authorized for dissemination. This Court further finds that no other notice to Class Members other than that identified in the Agreement is reasonably necessary in the Action.

10.      Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice, postmarked no later than twenty-eight (28) days before the Court Approval Hearing. For a Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) set forth the Class Member's full name, address and telephone number; (b) contain the property address which secures or secured the Mortgage Loan as to which the Class Member seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) unequivocally state the Class Member's intent to be excluded from the Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement. In those cases where a Class Member includes persons who were co-

obligors on the same Mortgage Loan, the Class Member shall be deemed a Successful Opt-Out as to that Mortgage Loan only if all obligors elect to opt out. In the event a Class Member is a Class Member as to more than one Mortgage Loan and the Opt-Out fails to identify the Mortgage Loan(s) as to which the Class Member seeks exclusion, the Opt-Out shall be deemed to apply to the Mortgage Loan made first in time and not any other Mortgage Loans. Any Class Member who does not submit a Successful Opt-Out, or otherwise comply with all requirements for opting out as are contained in this Order, the Agreement, and the Class Notice, shall be bound by the Agreement, including the Release, as embodied in paragraphs 4.01 to 4.04 of the Agreement, and any Final Order and Judgment entered in the Action. Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement or intervene in the Action.

11.     On or before the date of the Court Approval Hearing, Class Counsel, Counsel for the Defendants and the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs and file the list with the Court under seal to protect the privacy interests of the Successful Opt-Outs.

12.     Any Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must provide a written objection (or objections) to the Settlement ("Objection") to Class Counsel and Counsel for the Defendants, at the addresses set forth in the Class Notice, and file the Objection with the Court, on or before twenty-eight (28) days before the Court Approval Hearing. Each Objection must: (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the address of the property that secured the Mortgage Loan; (c) state that the Class Member objects to the Settlement, in whole or in part; (d) set forth a statement of the legal and/or factual basis for the Objection; and (e) provide copies of any

documents that the Class Member wishes to submit in support of his or her position. Any Class Member who does not submit a timely Objection in complete accordance with this Order, the Class Notice, and the Settlement Agreement shall not be treated as having submitted a valid Objection to the Settlement.

13.     A hearing (the "Court Approval Hearing") shall be held before the undersigned one hundred and twenty (120) days after entry of the Preliminary Approval Order, in the United States District Court for the Southern District of Florida, Courtroom 11-1, 400 North Miami Ave, Miami, FL 33128, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate, (b) whether the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement, (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (d) whether Class Members who are not Successful Opt-Outs should be bound by the Release set forth in the Settlement Agreement, (e) whether Class Members who are not Successful Opt-Outs should be subject to a permanent injunction that, among other things, bars Class Members from commencing, prosecuting, or assisting in any lawsuit against the Plaintiff Released Persons that asserts or purports to assert matters within the scope of the Release, (f) the amount of any Attorney Fee/Litigation Cost Award to be made to Plaintiff's Counsel, if any, upon application pursuant to paragraph 2.20 of the Settlement Agreement, and (g) the amount of any Class Representative Award to be made to Representative Plaintiff, if any, upon application pursuant to paragraphs 2.22 through 2.24 of the Settlement Agreement. This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

14.     Representative Plaintiff's applications for an Attorney Fee/Litigation Cost Award or Class Representative Award by Plaintiff's Counsel shall be filed no later than forty-two (42)

days before the Court Approval Hearing.  Plaintiff's Motion for Final Approval of the Settlement, as well as any other submissions by Representative Plaintiff or Defendants concerning the Settlement shall be filed no later than fourteen (14) days before the Court Approval Hearing.

15.     It is not necessary for a Class Member to appear at the Court Approval Hearing. However, any Class Member who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must file a Notice of Appearance in the Action, and provide the notice to Class Counsel and Counsel for the Defendants not later than twenty-eight (28) days before the Court Approval Hearing.

16.     No Class Member shall be permitted to raise matters at the Court Approval Hearing that the Class Member could have raised in an Objection, but failed to raise.

17.     Any Class Member who wishes to file a motion in the Action must file the motion with the Court, and contemporaneously provide the motion, together with all supporting documents, to Class Counsel and Counsel for the Defendants not later than twenty-eight (28) days before the Court Approval Hearing.

18.     Any Class Member who fails to comply with this Order, the Class Notice, and/or the Agreement shall be barred from appearing at the Court Approval Hearing.

19.     All other events contemplated by the Settlement Agreement to occur after this Order and before the Court Approval Hearing, and Defendants' provision of notice of the Settlement pursuant to 28 U.S.C. § 1715 ("Section 1715"), shall be governed by the Agreement and Section 1715, respectively, to the extent not inconsistent herewith.

20.     The Parties are hereby authorized to retain the Settlement Administrator to assist in effectuating the terms of, and administering, the Settlement.

21.     All proceedings and deadlines in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

22.     If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Action, and all orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against any of the Defendants, of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed by or against Representative Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any claims or defenses it may have. Nor shall this Order be construed or used to show that certification of one or more classes is required or appropriate if the Action were to be litigated rather than settled.

23.     Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by any of the Defendants, each of whom deny all of the claims and allegations raised in the Action.

24.     The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Representative Plaintiff and Defendants and without further notice to the Class Members.

25.     Pending this Court's decision on whether to finally approve the Settlement in this Action, Representative Plaintiff, all Class Members (excepting those who are Successful Opt-Outs), Class Counsel and Plaintiff's Counsel are preliminarily enjoined from commencing, prosecuting, or assisting in any lawsuit, administrative action, or any judicial or administrative proceeding against the Released Persons that asserts or purports to assert matters within the scope of the Release.

26.     Except as expressly authorized by this Order or the Agreement, Representative Plaintiff, Class Counsel, Plaintiff's Counsel and each of the Releasing Persons shall not (a) issue, or otherwise cause to be issued, any press release, advertisement, Internet posting (except that Class Counsel can list the Action as a settled case on its website with a brief description of the claims asserted) or similar document concerning the Action and/or the facts and circumstances that were the subject of, or disclosed in discovery in, the Action; and/or (b) make extrajudicial statements or seek media interviews concerning: (i) the Action; (ii) the facts and circumstances that were the subject of, or disclosed in discovery in the Action; and/or (iii) the Settlement of the Action, excepting only that such statements may be made to individual Class Members in one-on-one communications or as part of the Class Notice.

27.     The Parties shall meet and confer in good faith to resolve any dispute concerning the Settlement Agreement and/or this Order and, to the extent any such dispute cannot be resolved between them, present the matter to this Court for resolution.

28.     The Parties shall adhere to the following deadlines as set forth above:

*Class Notice mailed to Class Members:* forty-nine (49) days after entry of this Order.

*Plaintiff's Motions/Applications for Attorney Fee/Litigation Cost and Class Representative Awards:* forty-two (42) days before Court Approval Hearing.

*Class Member Objection/Opt-out Deadline:* twenty-eight (28) days before Court Approval Hearing.

9

*Motion for Final Approval:* fourteen (14) days prior to Court Approval Hearing.

*Other submissions by Plaintiff's or Defendants:* fourteen (14) days before Court Approval Hearing.

*Court Approval Hearing:* _____, 2017

Dated: _____, 2017        _____
                                                                           HON. DARRIN P. GAYLES
                                                                           UNITED STATES DISTRICT JUDGE

10

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

#### Civil Action No. 1:16-cv-21212-GAYLES

IGNACIO PANEQUE, *on behalf of himself*
*and all others similarly situated,*

      Plaintiff,

                                    **NOTICE OF PENDENY OF CLASS**
                                    **ACTION, PROPOSED SETTLEMENT,**
                                    **AND CLASS APPROVAL HEARING**

vs.

BANK OF AMERICA, N.A. and, FRENKEL
LAMBERT WEISS WEISMAN &
GORDON LLP,

      Defendants.

_____/

**TO:**    All borrowers with a mortgage loan secured by property located in Florida who requested or received, either directly or indirectly through an agent, attorney, or other person or entity acting or purporting to act on the borrower's behalf, a reinstatement quote or other statement of amounts due or to be paid on his, her, or their mortgage loan in order to cure a default, bring the mortgage loan current, resolve a foreclosure proceeding, or otherwise return the mortgage loan to a normal servicing status from either Bank of America, N.A. or the law firm Frenkel Lambert Weiss Weisman & Gordon, LLP (the "Defendants") at any time during the period April 6, 2013 to May 8, 2017 (the "Class").

      THIS IS A COURT NOTICE. PLEASE READ THIS NOTICE CAREFULLY, AS THE PROPOSED SETTLEMENT DESCRIBED BELOW MAY AFFECT YOUR LEGAL RIGHTS AND PROVIDE YOU POTENTIAL BENEFITS. THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU OR A SOLICITATION FROM A LAWYER.

## I.      WHAT IS THE PURPOSE OF THIS NOTICE?

      The purpose of this Notice is (a) to advise You of a proposed settlement (referred to as the "Settlement") of the above-captioned lawsuit (the "Action") pending against Defendants in the United States District Court for the Southern District of Florida (the "Court"); (b) to summarize Your rights under the Settlement; and (c) to inform You of a court hearing to consider whether to finally approve the Settlement to be held on [DATE] before the Honorable Darrin P. Gayles, United States District Court for the Southern District of Florida, Courtroom 11-1, 400 North Miami Ave, Miami, FL 33128 (the "Court Approval Hearing").

## II.    WHAT IS THE ACTION ABOUT?

In the Action, Plaintiff Ignacio Paneque ("Plaintiff") alleges that he and other members of the Class received, either directly or indirectly through an agent, attorney, or other person or entity acting or purporting to act on the borrower's behalf, a reinstatement quote from one of the Defendants. He alleges that the reinstatement quotes violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"), the Florida Consumer Collection Practices Act § 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA"). For these alleged violations, Plaintiff seeks to recover statutory damages, attorneys' fees, and litigations costs from the Defendants in the lawsuit.

On [DATE], and subject to further consideration at the Court Approval Hearing, the Court provisionally approved settlement of the Action as to those persons meeting the criteria set forth in Section III below. Class Counsel has conducted a thorough investigation into, and has engaged in extensive litigation and discovery with respect to, the relevant facts and law. Class Counsel has concluded that the outcome of the Action is uncertain and that the proposed settlement is in the best interests of Plaintiff and the Class Members.

Defendants deny that they acted unlawfully, deny that they violated federal or Florida law or any other law or legal requirement, deny that Plaintiff (or others) are entitled to recover any amounts from them, and assert numerous defenses against Plaintiff's claims. Defendants further deny that class certification is required or appropriate. Defendants have contested Plaintiff's claims, have contested liability to the Class Members, and have asserted numerous defenses.

The Court never resolved the claims and defenses of the parties in the Action. The Court also never resolved whether Defendants did anything wrong.

This Notice should not be understood as an expression of any opinion by the Court as to the merits of the Plaintiff's claims or Defendants' defenses. Plaintiff and Defendants recognize that to resolve these and other important issues would be time-consuming, uncertain, and expensive.

## III.    WHO IS PART OF THE PROPOSED SETTLEMENT?

Plaintiff and Defendants have entered into an agreement to settle the Action (the "Settlement Agreement"). The Court has provisionally approved the Settlement in the Settlement Agreement as fair, reasonable, and adequate. The Court will hold the Court Approval Hearing, as described in Section VIII below, to consider whether to make the Settlement final.

The Court has provisionally certified a settlement class, consisting of persons who will be the final settlement class (the "Settlement Class") if the Settlement is approved, which includes all persons who meet the following criteria:

- The class member, according to Defendants' readily accessible data and other records, requested or received, either directly or indirectly through an agent, attorney, or other person acting or purporting to act on his or her behalf, a reinstatement quote— a statement of amounts due or to be paid on a mortgage loan in order to cure a default, bring the mortgage loan current, resolve a foreclosure proceeding, or otherwise return the mortgage loan to a normal servicing status—from either BANA or Frenkel Lambert during the period from April 6, 2014 to May 8, 2017; and

- The class member requested or received the reinstatement quote concerning a mortgage loan secured by property located in Florida.

According to Defendants' readily accessible data and other records, You may meet these criteria and be a member of the Settlement Class. Further, if You have received more than one copy of this Notice in the mail, then that may be because You may be a member of the Settlement Class as to more than one qualifying reinstatement quote and mortgage loan. If You were a co-borrower or co-obligor on a qualifying mortgage loan, then You and each other co-borrower or co-obligor as to that mortgage loan will be treated as a single member of the Settlement Class for purposes of the proposed Settlement.

## IV.   WHAT ARE THE PRINCIPAL TERMS OF THE PROPOSED SETTLEMENT?

The principal terms of the proposed Settlement are as follows:

A.   *SETTLEMENT AMOUNT*. The maximum aggregate amount Defendants have agreed to pay under the Settlement, if it gains final approval from the Court, is four hundred thousand dollars ($400,000) (the "Settlement Amount"). BANA's share of the Settlement Amount is a maximum of three hundred twenty five thousand ($325,000.00) ("BANA Settlement Amount"). Frenkel Lambert's share of the Settlement Amount is seventy five thousand dollars ($75,000.00) ("Frenkel Lambert Settlement Amount"). This Settlement Amount includes all amounts that Defendants have agreed to pay for payments:

(i)   to members of the Settlement Class in exchange for the Release (as described in Section IV(C));

(ii)   to Plaintiff as a Class Representative Award (as described in Section IV(D));

(iii)   to Class Counsel for attorneys' fees and litigation costs actually incurred in the Action (as described in Section IV(D)); and

(iv)   to the Settlement Administrator for settlement administration costs (as described in Section IV(E)).

B.   *SETTLEMENT BENEFIT*. Each member of the Settlement Class who does not exclude himself or herself from the Settlement Class (as described in Section VII(B)) ("Class Member") will be eligible to receive a check ("Benefit Check") to be paid from the Settlement Amount.

(i)   ***Benefit Checks from the Settlement Amount.*** If You are a Class Member and do not exclude Yourself from the Settlement, then You will be eligible to receive a Benefit Check from the Settlement Amount. The Benefit Checks payable to eligible Class Members from the Settlement Amount will be in the same amount. That amount is currently estimated to be thirty-three dollars ($33.00). This estimated amount may increase or decrease depending upon a number of factors detailed in the Settlement Agreement, including, for example, the number of Class Members who elect to opt out of the Settlement and the final amounts, if any, awarded by the Court for attorneys' fees, litigation costs, and class representative award. Once these and other variables identified in the Agreement are known, the amount of the Benefit Checks payable from the Settlement Amount will be adjusted in accordance with the terms of the Settlement Agreement prior to being sent to eligible Class Members.

(ii)   The Benefit Checks will be paid exclusively from, and not in addition to, the Settlement Amount.

C.    *RELEASE.* Plaintiff and each Class Member who does not exclude himself or herself from the Settlement Class will release certain claims against Defendants. This is referred to as the "Release." Generally speaking, the Release will prevent any Class Member from bringing any lawsuit or making any claims that Defendants violated Florida's consumer protection or debt collection laws, Federal debt collection laws, RESPA, or any other law or legal requirement in connection with the provision of reinstatement quotes or the content of reinstatement quotes. The Release will also prevent every Class Member, and certain related parties, from suing or bringing such claims against Defendants, companies related to Defendants, Defendants' employees, and certain other third parties. The terms of the Release, as set forth in the Settlement Agreement, are reproduced in the Addendum appearing at the end of this Notice.

The Release, as set forth in paragraphs 4.01 to 4.04 of the Settlement Agreement, will be effective as to every Class Member who does not exclude himself or herself from the Settlement Class regardless of whether or not the Class Member receives and cashes a Benefit Check(s).

D.    *ATTORNEY FEE/LITIGATION COST AND CLASS REPRESENTATIVE AWARD.* The Court will determine the amount of attorneys' fees and litigation costs to award to Class Counsel from the Settlement Amount for investigating the facts and law in the Action, litigating the Action, and negotiating the proposed Settlement of the Action (the "Attorney Fee/Litigation Cost Award"). Class Counsel will ask the Court to award them attorneys' fees from the Settlement Amount in the amount of $133,320 (or 33.33% of the Settlement Amount) and litigation costs from the Settlement Amount in the amount not to exceed $10,000. Class Counsel will make those requests in a motion to be filed with the Court on or before [DATE] seeking an Attorney Fee/Litigation Cost Award. Copies of that motion will be available from Class Counsel, or from the Court after that date, as set forth in Section IX below.

Class Counsel will also ask the Court to award Plaintiff, as representative of the Settlement Class, an amount up to $10,000 from the Settlement Amount for his service in the Action ("Class Representative Award"). Class Counsel will make that request in a motion to be filed with the Court on or before [DATE] seeking a Class Representative Award. Copies of that motion will be available from Class Counsel, or from the Court after that date, as set forth in Section IX below.

Any Attorney Fee/Litigation Cost Award or Class Representative Award will be paid by Defendants exclusively from (and not in addition to) the Settlement Amount.

E.    *SETTLEMENT ADMINISTRATION.* The costs of administration of the proposed Settlement are capped at $33,500 and will be paid by Defendants exclusively from, and not in addition to, the Settlement Amount.

G.    *DISMISSAL OF THE ACTION.* The Action will be dismissed with prejudice.

If the Settlement is approved by the Court and becomes final, Benefit Checks will be provided to eligible Class Members. If the Settlement is not approved by the Court or does not become final for any reason, the Action will continue, and Class Members will not be entitled to receive the Benefit Check(s).

**SECTIONS IV(A)-(G) ABOVE PROVIDE ONLY A GENERAL SUMMARY OF THE TERMS OF THE PROPOSED SETTLEMENT. YOU MUST CONSULT THE SETTLEMENT AGREEMENT FOR MORE INFORMATION ABOUT THE EXACT TERMS OF THE SETTLEMENT. THE SETTLEMENT AGREEMENT IS AVAILABLE FROM CLASS COUNSEL OR FROM THE COURT, AS SET FORTH IN SECTION IX BELOW.**

## V.     WHO REPRESENTS THE SETTLEMENT CLASS?

The Court has provisionally appointed the attorneys from the following law firms to act as lead counsel for the Settlement Class (referred to as "Class Counsel") for purposes of the proposed Settlement:

Christopher W. Legg
CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd., Suite B
Hollywood, FL 33021
(954) 235-3706
ChrisLeggLaw@gmail.com

James L. Kauffman
BAILEY & GLASSER LLP
1054 31st Street NW, Suite 230
Washington, DC 20003
(202) 463-2101
jkauffman@baileyglasser.com

Darren R. Newhart
J. Dennis Card Jr.
CONSUMER LAW ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
(561) 822-3446
darren@cloorg.com

## VI.     WHAT ARE THE REASONS FOR THE PROPOSED SETTLEMENT?

Plaintiff and Defendants agreed on all of the terms of the proposed Settlement through extensive arms-length negotiations between Class Counsel and Counsel for the Defendants, and with the assistance of an experienced third-party mediator, the Honorable Benson Everett Legg (ret.). Plaintiff has entered into the proposed Settlement after weighing the benefits of the Settlement against the probabilities of success or failure in the Action, and against the delays that would be likely if the Action proceeded to trial, and after trial, to appeal.

Plaintiff and Class Counsel have concluded that the proposed Settlement provides substantial benefits to the Settlement Class; resolves substantial issues without prolonged litigation; provides the Settlement Class with significant individual benefits, as well as in the aggregate; and is in the best interests of the Settlement Class. Plaintiff and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate.

Although Defendants deny any wrongdoing and any liability whatsoever, Defendants believe that it is in their best interest to settle the Action on the terms set forth in the Settlement Agreement in order to avoid further expense, uncertainty, and inconvenience in connection with the Action.

## VII.     WHAT DO YOU NEED TO KNOW AND DO NOW?

A.     *YOU CAN PARTICIPATE IN THE SETTLEMENT*. If the Settlement is approved at the Court Approval Hearing, You will automatically be included as a participant in the Settlement and be eligible to receive the Benefit Check(s) described in this Notice. If that is what You want, You need not take any action.

If You participate, Your interests as a Class Member will be represented by Plaintiff and Class Counsel. You will not be billed for their services. Class Counsel will receive a fee only if the Court approves the Settlement and the fee award, if any, will be set by the Court.

Unless You request to be excluded (as described in Section VII(B)), You will be bound by any judgment or other final disposition of the Action, including the Release set forth in the Settlement Agreement, and will be precluded from pursuing claims against Defendants separately if those claims are within the scope of the Release.

B.      *YOU CAN OPT-OUT*. If You do not wish to be a Class Member, and do not want to participate in the Settlement, You may exclude Yourself from the Settlement Class by completing and mailing a notice of intention to opt-out (referred to as an "Opt-Out") to the following address, postmarked no later than [DATE]:

Garden City Group, LLC
420 Lexington Avenue, Suite 1820
New York, NY 10170

Any Opt-Out must (a) state Your full name, address and telephone number; (b) contain the property address which secures or secured the mortgage loan as to which You seek exclusion; (c) contain Your original signature or the original signature of a person authorized by law (*e.g.*, trustee or guardian *ad litem*) to act on Your behalf with respect to a claim or right such as those in the Action (*i.e.,* conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) state unequivocally Your intent to be excluded from the Class, to be excluded from the Settlement, to waive all right to a Benefit Check(s), and/or not to participate in the Settlement. If there were co-obligors/co-borrowers on Your mortgage loan, then all such co-obligors/co-borrowers must elect to and validly opt-out in accordance with the requirements set forth above in order for Your Opt-Out to be successful. Also, if You are a Class Member as to more than one qualifying mortgage loan, You must submit a separate Opt-Out as to each mortgage loan as to which you wish to Opt-Out. **Class Members who do not mail in a timely and valid Opt-Out will remain Class Members and will be bound by the Settlement.**

C.      *YOU CAN OBJECT OR TAKE OTHER ACTIONS IN THE ACTION.*

(1)      <u>Objections to the Settlement</u>. Any Class Member who has not elected to be excluded from the Settlement Class may object to the approval of the Settlement, to any aspect of the Settlement or the Settlement Agreement, to the application for attorneys' fees and costs, and/or to the application for a class representative award to Plaintiff. To object, You must mail or hand-deliver any objection to the Clerk of Court, United States District Court for the Southern District of Florida, 400 North Miami Ave, Miami, FL 33128 on or before [DATE], and must mail or hand-deliver a copy of the objection to Class Counsel and Counsel for the Defendants at the addresses set forth in Section X below by that same date. To be timely, objections that are mailed must be postmarked by [DATE] and objections that are hand-delivered must be received by the Court, Class Counsel and Counsel for the Defendants by [DATE]. And, to be valid, each objection must (a) set forth Your full name, current address, and telephone number; (b) ) contain the address of the property that secured Your mortgage loan; (c) state that You object to the Settlement, in whole or in part; (d) set forth a statement of the legal and/or factual basis for Your objection; and (e) provide copies of any documents that You wish to submit in support of Your position. Objections that are not timely mailed or hand-delivered to the Court, Class Counsel and Counsel for the Defendants, and/or are otherwise invalid shall not be treated as a valid Objection to the Settlement.

(2)      <u>Appearances at the Court Approval Hearing</u>. **It is not necessary for You to appear at the Court Approval Hearing.** If You have not excluded Yourself from the Settlement and wish to appear and/or speak at the Court Approval Hearing, whether personally or through a lawyer, then You must mail or hand-deliver a Notice of Appearance to the Clerk of Court, United States District Court for the Southern District of Florida, 400 North Miami Ave, Miami, FL 33128, on or before [DATE], and You must mail or hand-deliver a copy of the Notice of Appearance to Class Counsel and Counsel for the Defendants at the addresses set forth in Section X below by [DATE]. Further, if You wish to appear at the Court Approval Hearing, You will not be permitted to raise matters that You could have, but did not, raise in a properly submitted Objection (as described in Section VII(C)(1)). To be considered timely, Notices of Appearances that are mailed must be postmarked by [DATE] and Notices of Appearance that are hand-delivered must be received by the Court, Class Counsel and Counsel for the Defendants by [DATE].

(3)      <u>Other Motions or Submissions Concerning the Action or the Settlement</u>. **It is not necessary for You to submit any motion concerning the Action or Settlement to the Court.** If You have not excluded Yourself from the Settlement and want to submit a motion to the Court concerning the Settlement or the Action, then You must mail or hand deliver a motion, together with all supporting documents, to the Clerk of Court, United States District Court for the Southern District of Florida, 400 North Miami Ave, Miami, FL 33128, on or before [DATE]**,** and must mail or hand-deliver a copy of the motion, together with all supporting documents, to Class Counsel and Counsel for the Defendants at the addresses set forth in Section X below by [DATE]. To be considered timely, motions that are mailed must be postmarked by [DATE] and motions that are hand-delivered must be received by the Court, Class Counsel and Counsel for the Defendants by [DATE].

D.      *YOU MUST NOTIFY YOUR TRUSTEE AND TAKE OTHER ACTIONS IF YOU HAVE BEEN IN BANKTRUPCY AT ANY TIME SINCE OBTAINING YOUR REINSTATEMENT QUOTE.* The Settlement Agreement requires that, if (i) You are in active bankruptcy proceedings or previously was a party to a bankruptcy proceeding since requesting or receiving Your reinstatement quote, and (ii) all or any of the claims that may be released as part of this Settlement are or may be part of Your bankruptcy estate, then You must advise Your current or prior bankruptcy trustee of the Settlement Agreement and the benefits conferred by the Settlement in time for the trustee to exercise any rights or object to the Settlement. In addition, under the terms of the Settlement Agreement, You must comply with any direction from the trustee with respect to this Settlement and the benefits conferred by the Settlement, and in the event of any disagreement between You and the trustee, You must seek relief from the appropriate bankruptcy court.

## VIII.   <u>WHAT WILL TAKE PLACE AT THE COURT APPROVAL HEARING?</u>

The Court will hold the Court Approval Hearing before the Honorable Darrin P. Gayles, United States District Court for the Southern District of Florida, Courtroom 11-1, 400 North Miami Ave, Miami, FL 33128 on [DATE] at [TIME]. At that time, the Court will determine, among other things, (a) whether the Settlement should be finally approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members who are not Successful Opt-Outs should be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members who are not Successful Opt-Outs should be subject to a permanent injunction that, among other things, bars Class Members from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Release, (e) the amount of attorneys' fees and costs to be awarded to Class Counsel, if any, and (e) the amount of the award to be made to Plaintiff for his service as class

representative, if any. The Court Approval Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Settlement Class.

### IX. HOW CAN YOU GET ADDITIONAL INFORMATION ABOUT THE ACTION, THE PROPOSED SETTLEMENT, THE SETTLEMENT AGREEMENT, OR THE NOTICE?

The descriptions of the Action, the Settlement, and the Settlement Agreement that are contained in this Notice are only a general summary. In the event of a conflict between this Notice and the Settlement Agreement, the terms of the Settlement Agreement shall control. All papers filed in this case, including the full Settlement Agreement, are available for You to inspect and copy (at Your cost) at the office of the Clerk of Court, United States District Court for the Southern District of Florida, 400 North Miami Ave, Miami, FL 33128, during regular business hours. A copy of the Settlement Agreement also may be obtained from Class Counsel by contacting them at the addresses or telephone numbers set forth in Section X below.

Any questions concerning this Notice, the Settlement Agreement, or the Settlement may be directed to Class Counsel in writing at the addresses or emails set forth in Section X below or by calling one of the numbers listed for them in Section X below.

You may also seek the advice and counsel of Your own attorney, at Your own expense, if You desire.

Additional copies of this Notice can be obtained from the Settlement Administrator upon written request.

**DO NOT WRITE OR TELEPHONE THE COURT, THE CLERK'S OFFICE, OR DEFENDANTS IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE, THE SETTLEMENT, OR THE SETTLEMENT AGREEMENT.**

### X. WHAT ARE THE ADDRESSES YOU MAY NEED?

**Class Counsel:**

Christopher W. Legg
CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd., Suite B
Hollywood, FL 33021
(954) 235-3706
ChrisLeggLaw@gmail.com

James L. Kauffman
BAILEY & GLASSER LLP
1054 31st Street NW, Suite 230
Washington, DC 20003
(202) 463-2101
jkauffman@baileyglasser.com

Darren R. Newhart
J. Dennis Card Jr.
CONSUMER LAW ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
(561) 822-3446
darren@cloorg.com

**Defendants BANA's Counsel**:

    Brooks R. Brown
    Keith E. Levenberg
    GOODWIN PROCTER LLP
    901 New York Avenue, NW
    Washington, DC 20001
    (202) 346-4000

    James Randolph Liebler, II
    Andrew Kemp-Gerstel
    LIEBLER GONZALEZ &
    PORTUONDO PA
    44 W. Flagler St., 25th Floor
    Miami, FL 33130
    (305) 379-9626

**Defendant Frenkel Lambert's Counsel**:

    Richard M. Jones
    Joseph H. Lowe
    KLEIN GLASSER PARK & LOWE, P.L.
    9130 S. Dadeland Blvd., Suite 200
    Miami, FL 33156
    (305) 670-3700

**Settlement Administrator:**

    Garden City Group, LLC
    420 Lexington Avenue, Suite 1820
    New York, NY 10170

## XI.    WHAT INFORMATION MUST YOU INCLUDE IN ANY DOCUMENT THAT YOU SEND REGARDING THE ACTION?

    In sending any document to the Settlement Administrator, to the Court, Class Counsel, or Counsel for the Defendants, it is important that both Your envelope and any documents inside contain the following case name and identifying number: *Paneque v. Bank of America, N.A. et al.*, No. 1:16-CV-21212-DPG-WCT. In addition, You must include Your full name, address, and a telephone number at which You can be reached.

## XII.    <u>WHAT ARE IMPORTANT DEADLINES YOU SHOULD KNOW?</u>

[DATE]                          All NOTICES OF APPEARANCES AND
                                MOTIONS must be postmarked and mailed or
                                hand-delivered to the Court and postmarked and mailed or
                                hand-delivered to Class Counsel
                                and Counsel for the Defendants.

[DATE]                          All OPT OUTS must be postmarked and mailed to
                                the Settlement Administrator.

[DATE]                          All OBJECTIONS must be postmarked and mailed or hand-delivered
                                to the Court and postmarked and mailed or hand-delivered to
                                Class Counsel and Counsel for the Defendants.

[DATE]                                    COURT APPROVAL HEARING.
[TIME]

<u>/s/ The Honorable Darrin P. Gayles</u>                  Dated: _____, 2017
UNITED STATES DISTRICT JUDGE

Addendum

4.01     Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, Representative Plaintiff and each Class Member who is not a Successful Opt-Out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, bankruptcy estates, bankruptcy trustees, predecessors, next friends, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and each of them (collectively and individually, the "Releasing Persons"), will be deemed to have completely released and forever discharged Bank of America, Frenkel Lambert, and each and every one of their past, present, and future parents, predecessors, successors, partners, assigns, subsidiaries, affiliates, divisions, owners, shareholders, officers, directors, vendors, employees, attorneys, insurers, and agents (alleged or actual) (collectively and individually, the "Released Persons"), from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including, without limitation, (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any of the Released Persons, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until the Final Approval Date (collectively, the "Released Rights"), that arise out of and/or concern (a) Released Rights that were asserted, or attempted to be asserted, in the Action; (b) conduct, acts, and/or omissions (alleged or actual) by any of the Released Persons arising from or relating in any manner to Reinstatement Quotes; (c) any practice, policy, and/or procedure (alleged or actual) of any of the Released Persons concerning Reinstatement Quotes; (d) conduct, acts and/or omissions (alleged or actual) by any of the Released Persons relating to the charging, collection, attempted collection, listing, disclosure, or allocation of any fees, charges, credits, or payments on any Reinstatement Quotes; (e) all claims that were or could have been asserted in the Action arising from or relating in any manner to any conduct, act and/or omissions (alleged or actual) by any of the Released Persons relating to Reinstatement Quotes; (f) all claims asserted in the Action; (g) any claim or theory that any act or omission by the Defendants (or any of them) arising from or relating to any request for or provision of any Reinstatement Quotes violates any statute, regulation, law and/or contract; and (h) any violation and/or alleged violation of state and/or federal law, whether common law or statutory, arising from or relating to the conduct, acts, and/or omissions described in this paragraph 4.01 (a)-(g) above. This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

4.02     Part of the consideration being paid by Frenkel Lambert in the Settlement Amount is to extend the release language in section 4.01 to Class Members whose Mortgage Loans are either owned or serviced by clients of Frenkel Lambert other than Bank of America, but on behalf of whom Frenkel Lambert sent a reinstatement letter.

4.03     In addition to the provisions of paragraphs 4.01 and 4.02 above, the Releasing Persons hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to paragraph 4.01 above. Section 1542 of the California Civil Code reads:

Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her

must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, each of the Releasing Persons acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraphs 4.01 above, but each of those individuals expressly agrees that, upon entry of the final judgment contemplated by this Settlement Agreement, he, she, or they shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 4.01 above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

4.04    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the undersigned Class Counsel, for themselves, Plaintiff's Counsel, and each of his, her or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge each of the Defendants and the Released Persons from any and all right, lien, title, or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as provided herein.

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action No. 1:16-cv-21212-GAYLES

IGNACIO PANEQUE, *on behalf of himself*
*and all others similarly situated*,

      Plaintiff,

vs.

BANK OF AMERICA, N.A. and, FRENKEL
LAMBERT WEISS WEISMAN &
GORDON LLP,

      Defendants.

_____/

## [PROPOSED] FINAL ORDER APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE

This matter having come before the Court on [DATE] upon the unopposed Motion of Representative Plaintiff, individually and on behalf of a class of persons, for final approval of a settlement reached between the Parties ("Plaintiff's Motion"), and upon review and consideration of the Settlement Agreement dated [DATE] ("Settlement Agreement" or "Agreement"), the exhibits to the Settlement Agreement, the evidence and arguments of counsel presented at the Court Approval Hearing, and any other submissions filed with this Court in connection with the Court Approval Hearing, IT IS HEREBY ORDERED and adjudged as follows:

1.     The Settlement Agreement is hereby incorporated by reference into this Order ("Order"), and is hereby adopted by the Court. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2.     For purposes of Settlement only, the Court finds that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

3.      For purposes of Settlement only, and pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies the Settlement Class, as that term is defined in the Agreement. If, for any reason, the Settlement does not become effective, this certification shall be null and void and shall not be used or referred to for any purpose in the Action or any other action or proceedings.

4.      For purposes of the Settlement only, the Court finally appoints Representative Plaintiff as representative of the Class, and finds that he meets the relevant requirements of Fed. R. Civ. P. 23(a).

5.      For purposes of the Settlement only, the Court finally appoints the following lawyers as Counsel to the Class, and finds that these counsel meet the relevant requirements of Fed. R. Civ. P. 23(g):

Christopher W. Legg
CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd., Suite B
Hollywood, FL 33021
(954) 235-3706
ChrisLeggLaw@gmail.com

James L. Kauffman
BAILEY & GLASSER LLP
1054 31st Street NW, Suite 230
Washington, DC 20003
(202) 463-2101
jkauffman@baileyglasser.com

Darren R. Newhart
J. Dennis Card Jr.
CONSUMER LAW
ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
(561) 822-3446
darren@cloorg.com

6.      As set forth in the Class Notice, this Court convened the Court Approval Hearing at [TIME] on [DATE].

7.      Pursuant to Fed. R. Civ. P. 23, the Settlement of the Action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of the Action in light of the factual, legal, practical, and procedural considerations raised

2

by Representative Plaintiff's claims and Defendants' defenses.

8.     The Court finds that the mailed Class Notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and Fed. R. Civ. P. 23. The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, it has jurisdiction over all Class Members. The Court further finds that all requirements of statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement have been met and satisfied.  This Court further finds that all notice requirements of 28 U.S.C. § 1715 have been properly complied with by Defendants in connection with the Settlement, and that it has been more than ninety (90) days since the date, [DATE], on which the notices required under the statute were served upon the appropriate state and federal officials. Accordingly, no Class Member (excepting only those who are Successful Opt-Outs) may refuse to comply with or be bound by the Settlement Agreement or this Order.

9.     After due consideration of Representative Plaintiff's likelihood of success at trial; the range of Representative Plaintiff's possible recovery; the complexity, expense, and duration of the litigation; the substance of and amount of any opposition and/or objections to the Settlement; the number of Successful Opt-Outs from the Settlement; the responses of Class Members to the Settlement; the state of proceedings at which the Settlement was achieved; the nature of the negotiations leading to the Settlement; the litigation risks to Representative Plaintiff's and the Class Members; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing, this Court finds that the terms of the Settlement and the Agreement, including all exhibits thereto are fair, reasonable, and adequate, and are in the best interest of the Class. Accordingly,

3

the Settlement Agreement should be and is finally approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members.

10.     Upon consideration of the application for attorneys' fees and litigation costs by Plaintiffs' Counsel, the aggregate amount of the Attorney Fee/Litigation Cost Award is hereby fixed at [AMOUNT]. This aggregate award covers, without limitation, any and all claims for attorneys' fees and litigation costs incurred by (a) Plaintiffs' Counsel, (b) any other counsel representing (or purporting to represent) Representative Plaintiffs or Class Members (or any of them) with respect to all matters within the scope of the Release, and (c) Representative Plaintiffs or the Class Members (or any of them) in connection with or related to any matter in the Action, the Settlement, the administration of the Settlement, and any of the matters or claims within the scope of the Release.

11.     Upon consideration of the application for an award to Representative Plaintiffs, the amount of the Class Representative Award is hereby fixed at [AMOUNT].

12.     In accordance with the Settlement Agreement, and to effectuate the Settlement, Defendants and/or the Settlement Administrator shall cause:

(a)     the Benefit Checks to be provided to eligible Class Members in accordance with the terms of the Agreement;

(b)     the aggregate Attorney Fee/Litigation Cost Award made in paragraph 10 above to be disbursed to Class Counsel in accordance with the terms of the Agreement; and

(c)     the Class Representative Award made in paragraph 11 above to be delivered to Class Counsel in accordance with the terms of the Agreement.

13.     The Action and all claims against Bank of America, N.A. ("BANA") and Frenkel

Lambert Weiss Weisman & Gordon, LLP ("Frenkel Lambert") are hereby dismissed on the merits and with prejudice, and the Clerk is directed to enter this Judgment in favor of the Defendants in the Action. The Judgment shall be without costs to any Party.

14.     Representative Plaintiff, each Class Member (except those who are Successful Opt-Outs and appear on a list that is on file with the Court under seal to protect the privacy of those persons, which list is incorporated herein and made a part hereof), Class Counsel, and Plaintiff's Counsel shall be forever bound by this Order and the Agreement, including the Release and covenants not to sue set forth in paragraphs 4.01 to 4.04 of the Settlement Agreement providing as follows:

> 4.01    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, Representative Plaintiff and each Class Member who is not a Successful Opt-Out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, bankruptcy estates, bankruptcy trustees, predecessors, next friends, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and each of them (collectively and individually, the "Releasing Persons"), will be deemed to have completely released and forever discharged Bank of America, Frenkel Lambert, and each and every one of their past, present, and future parents, predecessors, successors, partners, assigns, subsidiaries, affiliates, divisions, owners, shareholders, officers, directors, vendors, employees, attorneys, insurers, and agents (alleged or actual) (collectively and individually, the "Released Persons"), from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including, without limitation, (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any of the Released Persons, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until the Final Approval Date (collectively, the "Released Rights"), that arise out of and/or concern (a) Released Rights that were asserted, or attempted to be asserted, in the Action; (b) conduct, acts, and/or omissions (alleged or actual) by any of the Released Persons arising from or relating in any manner to Reinstatement Quotes; (c) any practice, policy, and/or procedure (alleged or actual) of any of the Released Persons concerning Reinstatement Quotes; (d)

conduct, acts and/or omissions (alleged or actual) by any of the Released Persons relating to the charging, collection, attempted collection, listing, disclosure, or allocation of any fees, charges, credits, or payments on any Reinstatement Quotes; (e) all claims that were or could have been asserted in the Action arising from or relating in any manner to any conduct, act and/or omissions (alleged or actual) by any of the Released Persons relating to Reinstatement Quotes; (f) all claims asserted in the Action; (g) any claim or theory that any act or omission by the Defendants (or any of them) arising from or relating to any request for or provision of any Reinstatement Quotes violates any statute, regulation, law and/or contract; and (h) any violation and/or alleged violation of state and/or federal law, whether common law or statutory, arising from or relating to the conduct, acts, and/or omissions described in this paragraph 4.01 (a)-(g) above. This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

4.02     Part of the consideration being paid by Frenkel Lambert in the Settlement Amount is to extend the release language in section 4.01 to Class Members whose Mortgage Loans are either owned or serviced by clients of Frenkel Lambert other than Bank of America, but on behalf of whom Frenkel Lambert sent a reinstatement letter.

4.03     In addition to the provisions of paragraphs 4.01 and 4.02 above, the Releasing Persons hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to paragraph 4.01 above. Section 1542 of the California Civil Code reads:

> Section 1542. General Release; extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, each of the Releasing Persons acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraphs 4.01 above, but each of those individuals expressly agrees that, upon entry of the final judgment contemplated by this Settlement Agreement, he, she, or they shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 4.01 above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

4.04    Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the undersigned Class Counsel, for themselves, Plaintiff's Counsel, and each of his, her or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge each of the Defendants and the Released Persons from any and all right, lien, title, or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as provided herein.

15.    The Release set forth in paragraph 14 above and in the Settlement Agreement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, and/or other proceedings maintained by or on behalf of Representative Plaintiff, each Class Member (except the Successful Opt-Outs) and/or the Releasing Parties concerning matters and claims that were or could have been asserted in the Action, and/or are encompassed within the scope of the Release.

16.    BANA, Frenkel Lambert , and any Plaintiff Released Person are hereby released and forever discharged by Representative Plaintiffs, Class Members (except the Successful Opt-Outs) and the Plaintiff Releasing Persons from all matters and claims within the scope of the Release.

17.    Representative Plaintiffs, Plaintiffs' Counsel and each and every Class Member who is not a Successful Opt-Out are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against BANA, Frenkel Lambert, and/or any Plaintiff Released Person any claim that was brought in the Action or that asserts or purports to assert any matter for which a release and covenant not to sue is being given under the Settlement Agreement.

18.    This Court finds that Class Counsel had and continue to have the authority to execute the Agreement on behalf of themselves and Plaintiff's Counsel, and thereby to bind themselves and Plaintiff's Counsel to all terms and conditions of the Agreement. Class Counsel

and Plaintiff's Counsel are thus also bound by all provisions of this Order.

19.     This Order, the Settlement Agreement, any document referred to in this Order, any action taken to carry out this Order, any negotiations or proceedings related to any such documents or actions, and the carrying out of and entering into the terms of the Agreement, shall not be construed as, offered as, received as, or deemed to be evidence, impeachment material, or an admission or concession with regard to any fault, wrongdoing or liability on the part of BANA or Frenkel Lambert whatsoever in the Action, or in any other judicial, administrative, or regulatory action or other proceeding; provided, however, this Order may be filed in any action or proceeding against or by Defendants to enforce the Agreement or to support a defense of *res judicata*, *collateral estoppel*, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.     All proceedings and deadlines in this Action, other than as set forth in this Order or otherwise necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, shall remain stayed and suspended absent further order of this Court.

21.     The Parties may, by mutual agreement, amend, modify or expand the provisions of the Settlement Agreement, including all exhibits thereto, subject to the conditions and limitations as set forth in the Agreement.

22.     In the event that Final Approval is not achieved for any reason, then the Settlement Agreement, this Order, together with any other orders or rulings arising from or relating to the Agreement, shall be rendered null and void and be vacated.

23.     Except as expressly provided for in this Order, the Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including as to

8

deadlines, until further order of this Court or agreement of the Parties.

24.     This Order follows this Court's Order Preliminarily Approving Settlement and Provisionally Certifying Settlement Class, and With Respect to Class Notice, Court Approval Hearing and Administration ([DATE]) ("Preliminary Approval Order"), and supersedes the Preliminary Approval Order to the extent of any inconsistency.

25.     Without in any way affecting the finality of this Order and Judgment for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation and/or enforcement of the Settlement Agreement and/or this Order.

Dated: _____, 2017     _____

                                               HON. DARRIN P. GAYLES
                                               UNITED STATES DISTRICT JUDGE