UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:16-cv-21212-GAYLES

IGNACIO PANEQUE, *on behalf of himself
and all others similarly situated*,

    Plaintiff,

v.

BANK OF AMERICA, N.A. and, FRENKEL
LAMBERT WEISS WEISMAN &
GORDON LLP,

    Defendants.
_____/

**FINAL ORDER APPROVING SETTLEMENT
AND DISMISSING ACTION WITH PREJUDICE**

**THIS CAUSE** comes before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [ECF No. 78] and Plaintiff's Unopposed Motion for Attorneys' Fees and Costs and Named Plaintiff's Service Award [ECF No. 75]. The Court held a Fairness Hearing on April 20, 2018 [ECF No. 81]. The Court has considered the Amended Settlement Agreement ("Settlement Agreement") [ECF No. 71-2], the record and arguments of counsel presented at the Fairness Hearing, the applicable law and is otherwise fully advised. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

    1.    Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement [ECF No. 78] and Plaintiff's Unopposed Motion for Attorneys' Fees and Costs and Named Plaintiff's Service Award [ECF No. 75] are **GRANTED**.

    2.    The Settlement Agreement is hereby incorporated by reference into this Order ("Order") and is hereby adopted by the Court. Capitalized terms in this Order shall, unless

otherwise defined herein, have the same meaning as in the Agreement.

3. For purposes of Settlement only, the Court finds that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3).

4. For purposes of Settlement only, and pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies the Settlement Class, as that term is defined in the Agreement. If, for any reason, the Settlement does not become effective, this certification shall be null and void and shall not be used or referred to for any purpose in the Action or any other action or proceedings.

5. For purposes of the Settlement only, the Court finally appoints Representative Plaintiff as representative of the Class and finds that he meets the relevant requirements of Fed. R. Civ. P. 23(a).

6. For purposes of the Settlement only, the Court finally appoints the following lawyers as Counsel to the Class, and finds that these counsel meet the relevant requirements of Fed. R. Civ. P. 23(g):

Christopher W. Legg
CHRISTOPHER W. LEGG, P.A.
3837 Hollywood Blvd., Suite B
Hollywood, FL 33021
(954) 235-3706
ChrisLeggLaw@gmail.com

James L. Kauffman
BAILEY & GLASSER LLP
1054 31st Street NW, Suite 230
Washington, DC 20003
(202) 463-2101
jkauffman@baileyglasser.com

Darren R. Newhart
J. Dennis Card Jr.
CONSUMER LAW
ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
(561) 822-3446
darren@cloorg.com

7. As set forth in the Class Notice, this Court convened the Court Approval Hearing at 10:00 a.m. on April 20, 2018.

8. Pursuant to Fed. R. Civ. P. 23, the Settlement of the Action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement of the Action in light of the factual, legal, practical, and procedural considerations raised by Representative Plaintiff's claims and Defendants' defenses.

9. The Court finds that the mailed Class Notice previously given to Class Members in the Action was the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, it has jurisdiction over all Class Members. The Court further finds that all requirements of statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement have been met and satisfied. This Court further finds that all notice requirements of 28 U.S.C. § 1715 have been properly complied with by Defendants in connection with the Settlement, and that it has been more than ninety (90) days since the date, December 22, 2017, on which the notices required under the statute were served upon the appropriate state and federal officials. This Court further finds that there have been no objections to the Settlement, and that 35 Class Members who timely requested to opt out of the Settlement have been identified to the Court [ECF No. 80] and are Successful Opt-Outs. No other Class Member, including any Class Member whose request to opt-out is or was untimely received, is a Successful Opt-Out. Accordingly, no Class Member (excepting only the 35 Successful Opt-Outs) may refuse to comply with or be bound by the Settlement Agreement or this Order.

10. After due consideration of Representative Plaintiff's likelihood of success at trial; the range of Representative Plaintiff's possible recovery; the complexity, expense, and duration

3

of the litigation; the lack of opposition and/or objections to the Settlement; the small number of Successful Opt-Outs from the Settlement (less than 2% of the Class); the responses of Class Members to the Settlement; the state of proceedings at which the Settlement was achieved; the nature of the negotiations leading to the Settlement; the litigation risks to Representative Plaintiff's and the Class Members; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing, this Court finds that the terms of the Settlement and the Agreement, including all exhibits thereto are fair, reasonable, and adequate, and are in the best interest of the Class. *Bennett v. Behring Corp.,* 737 F.2d 982 (11th Cir. 1984). Accordingly, the Settlement Agreement should be and is finally approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members.

11. Upon consideration of the application for attorneys' fees and litigation costs by Plaintiffs' Counsel, the aggregate amount of the Attorney Fee/Litigation Cost Award is hereby fixed at $218,312.50. This aggregate award covers, without limitation, any and all claims for attorneys' fees and litigation costs incurred by (a) Plaintiff's Counsel, (b) any other counsel representing (or purporting to represent) Representative Plaintiff or Class Members (or any of them) with respect to all matters within the scope of the Release, and (c) Representative Plaintiff or the Class Members (or any of them) in connection with or related to any matter in the Action, the Settlement, the administration of the Settlement, and any of the matters or claims within the scope of the Release.

12. Upon consideration of the application for an award to Representative Plaintiff, the amount of the Class Representative Award is hereby fixed at $10,000.

13. In accordance with the Settlement Agreement, and to effectuate the Settlement, Defendants and/or the Settlement Administrator shall cause:

(a) the Benefit Checks to be provided to eligible Class Members in accordance with the terms of the Agreement;

(b) the aggregate Attorney Fee/Litigation Cost Award made in paragraph 11 above to be disbursed to Class Counsel in accordance with the terms of the Agreement; and

(c) the Class Representative Award made in paragraph 12 above to be delivered to Class Counsel in accordance with the terms of the Agreement.

14. The Action and all claims against Bank of America, N.A. ("BANA") and Frenkel Lambert Weiss Weisman & Gordon, LLP ("Frenkel Lambert") are hereby **DISMISSED ON THE MERITS AND WITH PREJUDICE**, and the Clerk is directed to enter this Judgment in favor of the Defendants in the Action. The Judgment shall be without costs to any Party.

15. Representative Plaintiff, each Class Member (except those who are Successful Opt-Outs and appear on a list that is on file with the Court under seal to protect the privacy of those persons, which list is incorporated herein and made a part hereof), Class Counsel, and Plaintiff's Counsel shall be forever bound by this Order and the Agreement, including the Release and covenants not to sue set forth in paragraphs 4.01 to 4.04 of the Settlement Agreement providing as follows:

> 4.01   Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, Representative Plaintiff and each Class Member who is not a Successful Opt-Out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, bankruptcy estates, bankruptcy trustees, predecessors, next friends, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf, and each of them (collectively and individually, the "Releasing Persons"), will be deemed to have completely released and forever discharged Bank of America, Frenkel Lambert, and each and every one of their past, present, and future parents, predecessors, successors, partners, assigns, subsidiaries, affiliates,

divisions, owners, shareholders, officers, directors, vendors, employees, attorneys, insurers, and agents (alleged or actual) (collectively and individually, the "Released Persons"), from any and all past, present and future claims, counterclaims, lawsuits, set-offs, costs, losses, rights, demands, charges, complaints, actions, causes of action, obligations, or liabilities of any and every kind, including, without limitation, (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any of the Released Persons, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until the Final Approval Date (collectively, the "Released Rights"), that arise out of and/or concern (a) Released Rights that were asserted, or attempted to be asserted, in the Action; (b) conduct, acts, and/or omissions (alleged or actual) by any of the Released Persons arising from or relating in any manner to Reinstatement Quotes; (c) any practice, policy, and/or procedure (alleged or actual) of any of the Released Persons concerning Reinstatement Quotes; (d) conduct, acts and/or omissions (alleged or actual) by any of the Released Persons relating to the charging, collection, attempted collection, listing, disclosure, or allocation of any fees, charges, credits, or payments on any Reinstatement Quotes; (e) all claims that were or could have been asserted in the Action arising from or relating in any manner to any conduct, act and/or omissions (alleged or actual) by any of the Released Persons relating to Reinstatement Quotes; (f) all claims asserted in the Action; (g) any claim or theory that any act or omission by the Defendants (or any of them) arising from or relating to any request for or provision of any Reinstatement Quotes violates any statute, regulation, law and/or contract; and (h) any violation and/or alleged violation of state and/or federal law, whether common law or statutory, arising from or relating to the conduct, acts, and/or omissions described in this paragraph 4.01 (a)-(g) above. This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

4.02    Part of the consideration being paid by Frenkel Lambert in the Settlement Amount is to extend the release language in section 4.01 to Class Members whose Mortgage Loans are either owned or serviced by clients of Frenkel Lambert other than Bank of America, but on behalf of whom Frenkel Lambert sent a reinstatement letter.

4.03    In addition to the provisions of paragraphs 4.01 and 4.02 above, the Releasing Persons hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to paragraph 4.01 above. Section 1542 of the California Civil Code reads:

> Section 1542. <u>General Release; extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, each of the Releasing Persons acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraphs 4.01 above, but each of those individuals expressly agrees that, upon entry of the final judgment contemplated by this Settlement Agreement, he, she, or they shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 4.01 above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

4.04   Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the undersigned Class Counsel, for themselves, Plaintiff's Counsel, and each of his, her or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge each of the Defendants and the Released Persons from any and all right, lien, title, or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as provided herein.

16.   The Release set forth in paragraph 15 above and in the Settlement Agreement shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, and/or other proceedings maintained by or on behalf of Representative Plaintiff, each Class Member (except the Successful Opt-Outs) and/or the Releasing Parties concerning matters and claims that were or could have been asserted in the Action, and/or are encompassed within the scope of the Release.

17.   BANA, Frenkel Lambert, and any Plaintiff Released Person are hereby released and forever discharged by Representative Plaintiff, Class Members (except the Successful Opt-Outs) and the Plaintiff Releasing Persons from all matters and claims within the scope of the Release.

18.     Representative Plaintiff, Plaintiff's Counsel and each and every Class Member who is not a Successful Opt-Out are permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against BANA, Frenkel Lambert, and/or any Plaintiff Released Person any claim that was brought in the Action or that asserts or purports to assert any matter for which a release and covenant not to sue is being given under the Settlement Agreement.

19.     This Court finds that Class Counsel had and continue to have the authority to execute the Agreement on behalf of themselves and Plaintiff's Counsel, and thereby to bind themselves and Plaintiff's Counsel to all terms and conditions of the Agreement. Class Counsel and Plaintiff's Counsel are thus also bound by all provisions of this Order.

20.     This Order, the Settlement Agreement, any document referred to in this Order, any action taken to carry out this Order, any negotiations or proceedings related to any such documents or actions, and the carrying out of and entering into the terms of the Agreement, shall not be construed as, offered as, received as, or deemed to be evidence, impeachment material, or an admission or concession with regard to any fault, wrongdoing or liability on the part of BANA or Frenkel Lambert whatsoever in the Action, or in any other judicial, administrative, or regulatory action or other proceeding; provided, however, this Order may be filed in any action or proceeding against or by Defendants to enforce the Agreement or to support a defense of *res judicata*, *collateral estoppel*, release, accord and satisfaction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.     All proceedings and deadlines in this Action, other than as set forth in this Order or otherwise necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, shall remain stayed and suspended absent further

order of this Court.

22.     The Parties may, by mutual agreement, amend, modify or expand the provisions of the Settlement Agreement, including all exhibits thereto, subject to the conditions and limitations as set forth in the Agreement.

23.     In the event that Final Approval is not achieved for any reason, then the Settlement Agreement, this Order, together with any other orders or rulings arising from or relating to the Agreement, shall be rendered null and void and be vacated.

24.     Except as expressly provided for in this Order, the Settlement Agreement shall govern all matters incident to the administration of the Settlement hereafter, including as to deadlines, until further order of this Court or agreement of the Parties.

25.     This Order follows this Court's Order Preliminarily Approving Settlement and Provisionally Certifying Settlement Class, and With Respect to Class Notice, Court Approval Hearing and Administration ("Preliminary Approval Order") [ECF No. 72] and supersedes the Preliminary Approval Order to the extent of any inconsistency.

26.     Without in any way affecting the finality of this Order and Judgment for purposes of appeal, this Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, implementation, effectuation and/or enforcement of the Settlement Agreement and/or this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of April, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE